The **TRAVELERS INDEMNITY COMPANY, Plaintiff-Appellant,**

v.

**Lois E. BRUNS, Defendant-Respondent,**

and

**Daniel DeRoy, Defendant.**

**No. 49297.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 26, 1985.

---

Sam P. Rynearson, Gerre S. Langton, Eric M. Martin, St. Louis, for plaintiff-appellant.

Charles F. James, Wentzville, for defendant-respondent.

SMITH, Judge.

Plaintiff appeals from the judgment of the trial court in a declaratory judgment action in which the court found Traveler's policy afforded coverage to defendant DeRoy in the personal injury suit brought against him by defendant Bruns. The court also awarded Bruns $2000 in attorney's fees and $790 in expenses for defending the action.

■ Ms. Bruns was a passenger in a pick-up truck owned by Phelan-Tramelli Sales Agency and operated by DeRoy, an employee of Phelan-Tramelli, when it was involved in a one-car accident. Bruns and DeRoy were returning to the farm where DeRoy was employed and resided from a tavern in Wentzville in the early hours of August 28, 1981. The truck was insured under the Travelers policy. Travelers declaratory judgment petition sought a declaration of non-coverage based upon DeRoy not being a permittee user under the policy. The evidence established that DeRoy had control of the vehicle while on the farm; that he had exclusive possession of the vehicle; that during at least some of the time the truck was the only operable transportation available to DeRoy; that the farm was located seven miles from Wentzville, the nearest location for shopping and recreation.

DeRoy and his employer, John Tramelli, testified that DeRoy was given instructions that he was to use the truck only for business purposes. This testimony was supported by a letter purportedly given to DeRoy prior to the accident.

The trial court stated in its findings of fact:

"The Court disbelieves all testimony of plaintiff's witnesses, Tramelli and DeRoy, favorable to plaintiff's case. The Court believes the testimony of those witnesses unfavorable to plaintiff's case and favorable to the defendant Lois Bruns. Specifically, the Court disbelieves their testimony that Tramelli gave DeRoy either verbal or written instructions that the 1979 Ford truck was to be

used by DeRoy for business purposes only. The Court disbelieves their testimony that Tramelli had no knowledge of DeRoy's personal use of the truck before the date of the accident."

There was substantial evidence, including expert testimony and testimony on cross-examination of DeRoy, that the letter was sent after the accident, that the date thereon was changed, and that it in fact referred to a subsequently acquired truck.

The question of permissive use is one of fact. *State Farm Mutual Automobile Ins. Co. v. Foley*, 624 S.W.2d 853 (Mo.App. 1981) [1, 2]. Permission may be express or implied. Implication may arise from the relationship of the parties or a course of conduct. *Mazdra v. Selective Ins. Co.*, 398 S.W.2d 841 (Mo.1966) [2]. In the absence of credible testimony of DeRoy and Tramelli, the evidence here establishes use of the truck by an employee of the insured, exclusive possession and control of the vehicle by that employee at all hours, a course of conduct of personal use by the employee, and no indication of non-acquiescence or of express prohibition by the insured. That is sufficient to imply permission.

■ Plaintiff also challenges the award of attorney's fees and expenses. As a general rule, attorney's fees are recoverable only when called for by contract or provided by statute, or when the natural and proximate result of a wrong or breach of duty is to involve the wronged party in collateral litigation. *Johnson v. Mercantile Trust Company National Association*, 510 S.W.2d 33 (Mo.1974) [6, 7]; *Dugger v. Welp*, 646 S.W.2d 907 (Mo.App.1983) [2]; *Osterberger v. Hites Construction Co.*, 599 S.W.2d 221 (Mo.App.1980) [27, 28]. No contract or statute calls for an award here. Seeking a declaration of coverage was not a wrong or breach of the duty under the facts here. Attorney's fees may also be awarded in "unusual circumstances" meaning an unusual type of case or unusually complicated litigation. *Dugger v. Welp, supra*, [2]. We find none of those circumstances here. The trial court apparently based the award on the obvious discrepancies of the letter and the added expense to defendant arising therefrom. Initially we note that no request for attorney's fees appears in the pleadings or in the record. The only opportunity provided to plaintiff to defend against the award occurred through use of affidavits on the motion for new trial, a most unsatisfactory procedure. In addition, the letter was not the only basis for plaintiff's claim, there was also the testimony of both DeRoy and Tramelli that DeRoy was expressly directed not to use the vehicle for personal activities. Nothing in the case supports a conclusion that in the absence of the letter no lawsuit would have been brought or that plaintiff's action in bringing the suit was fraudulent. There is no indication that the letter was prepared by plaintiff or that plaintiff in fact knew it was fraudulent. There is no indication to what extent, if at all, defendant's attorney had increased preparation time as a result of the letter. The award of attorney's fees was improper.

■ We do not reach the same conclusion concerning the expenses. Defendant Bruns hired an expert witness solely to challenge the validity of the letter. Deferring to the court's finding that the discrepancies were sufficiently obvious to have placed a duty on plaintiff's attorney to inquire of DeRoy and Tramelli and that failure to inquire caused the need for employing the witness, we conclude that an award of the expenses of the witness by an equity court was permissible.

Award of attorney's fees reversed; in all other respects the judgment is affirmed.

CARL R. GAERTNER, P.J., and SNYDER, J., concur.