Walter J. WOJTKOWSKI, Appellant,

v.

SHELTER INSURANCE COMPANIES, Respondents.

No. 52061.

Missouri Court of Appeals, Eastern District, Division One.

March 31, 1987.

Richard L. Murray, Clayton, for appellant.

Denis C. Burns, Godfrey, Vandover & Burns, St. Louis, for respondents.

CRIST, Judge.

Appellant (insured) appeals the dismissal of his application for attorney fees incurred on the appeal of his declaratory judgment action. The trial court found it was without jurisdiction to hear the motion. We affirm.

Insured filed a petition for a declaratory judgment against respondent (insurance company) asking for a declaration that his 1978 Oldsmobile insurance policy covered him when he drove an El Camino owned by a third person and was involved in an accident. The trial court found that at the time of the accident insured was driving a non-owned vehicle that was not furnished or available to him for regular use. The trial court found the insurance policy covered this situation. In addition, the trial court allowed insured $2,160 attorney fees incurred by insured in the declaratory judgment action.

An appeal was taken to this court by insurance company. While the appeal was pending, insured filed in the circuit court an application for attorney fees on appeal. This motion was held in abeyance. On March 5, 1985, by divided opinion, this court found no insurance coverage and reversed the judgment of the trial court. The propriety of the attorney fees award was absent from the majority and dissenting opinions. The case was transferred to the Supreme Court of Missouri. On December 17, 1985, the decision of the trial court was affirmed by the supreme court. Excepting for noting the trial court entered judgment for insured and awarded him attorney fees in the amount $2,160, the propriety of the attorney fees award was not discussed or mentioned.

Insured then requested the trial court to rule on his motion for attorney fees on appeal. The trial court dismissed the motion because it found it lacked jurisdiction to hear the motion after the supreme court had affirmed the trial court's decision on the merits and had issued a mandate.

Insurance company attempts to argue that any attorney fees were improper in this case. Regardless of the merits of their arguments, this court cannot affect the attorney fees previously awarded and affirmed by the supreme court. There is no question but insurance company is obligated to pay the attorney fees incurred at trial.

In allowing attorney fees incurred in the declaratory judgment action, the trial court relied on *Landie v. Century Indemnity Co.*, 390 S.W.2d 558 (Mo.App.1965). *Landie* was inapposite. In *Landie*, the insurance company refused to defend its insureds in a suit brought against them. Thus, the insureds incurred attorney fees in their own defense of that suit. Subsequently, the insureds brought suit against

their insurance company for its refusal to defend them. The court stated:

> For such breach of contract the company is liable to its insured to pay any judgment recovered against him up to the limits of the policy plus attorney fees, costs, interest and any other expenses *incurred by the insured in conducting the defense of the suit which it was the obligation of the company to perform under its contract. Id.* at 562. (Emphasis added.)

Thus, in *Landie*, the insureds were not seeking attorney fees incurred in a declaratory judgment action to determine the coverage of their policy. Rather, the fees sought were those incurred in their defense of the suit against them.

■ The supreme court decision does not require the circuit court to award additional attorney fees that were incurred on appeal. Assuming for the sake of argument the circuit court had jurisdiction to award further attorney fees, such an award would be improper. The rule in Missouri continues to be that absent statutory authority or contractual agreement, each litigant, with a few exceptions, must bear the expense of his own attorney fees. *County Court of Washington County v. Murphy*, 658 S.W.2d 14, 16 [3] (Mo. banc 1983); *Harold S. Schwartz & Associates, Inc. v. Continental Casualty Co.*, 705 S.W.2d 494, 499 [10] (Mo.App.1985). *See also Travelers Indemnity Co. v. Bruns*, 701 S.W.2d 195, 197 [2] (Mo.App.1985); *American Family Mutual Insurance Co. v. Brown*, 631 S.W.2d 375, 379 (Mo.App.1982). The exceptions do not apply in this case.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.