**OHIO CASUALTY INSURANCE COMPANY, Appellant,**

v.

**SAFECO INSURANCE COMPANY, Darrell Schulz, Robert Rafael, Robert Fishbeck, Earl Lavern Weerner, Dwight A. Foster, Albert Haynes, and Diane Elaine Haynes, Respondents.**

No. 54663.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 14, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 12, 1989.

Application to Transfer Denied
May 16, 1989.

James C. Ochs, St. Louis, for appellant.

Wuestling & James, William F. James, Robert E. Staed, Kappel, Neill & Staed, Richard Homire, St. Louis, for respondents.

SIMON, Judge.

Ohio Casualty Insurance Company, appellant, appeals an adverse judgment in a declaratory judgment action affording insurance coverage to Dwight Foster for an automobile collision under a policy issued to Diane Haynes. Dwight Foster, an employee of Diane Haynes, had taken Haynes' 1977 Plymouth van, used for business purposes, on a pleasure excursion. He was in the process of returning the van on April 8, 1986 when it was involved in a five car collision. Further facts will be discussed as become necessary for the resolution of this appeal.

Appellant contends that the trial court erred in finding that Foster had implied permission to operate the van, and concluding as a matter of law that appellant was obligated to provide insurance coverage to Foster under the policy issued to Haynes. We affirm.

In this court-tried case, "the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). "Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." *Id.* "In court-tried cases conflicts in evidence are for the trial court to resolve and we take the facts in accordance with the results there reached." *Matter of Estate of Bollier*, 684 S.W.2d 67, 69[1] (Mo.App.1984).

Appellant urges this court to adopt the four factor test enunciated in *Subscribers At Auto Club, Etc. v. McClanahan*, 607 S.W.2d 718, 721[3] (Mo.App.1980) to determine the extent of liability coverage. We have examined that case and its predeces-sor, *United States Fidelity & Guaranty Company v. Safeco Insurance Company of America*, 522 S.W.2d 809, 816[3] (Mo. banc 1975), the origin of the four factor test, and conclude that they are distinguishable from the present case. Those cases focus on whether implied permission for a second permittee may be imputed to the insured where the first permittee expressly authorizes the second permittee to drive the vehicle. Such is not the case here.

Here, Haynes' insurance policy does not provide liability coverage for any person using a vehicle without a reasonable belief that he is entitled to do so. Therefore, the crucial issue is whether Foster had permission to use the van. Permissive use is a question of fact. *Travelers Indemnity Company v. Bruns*, 701 S.W.2d 195, 197[1] (Mo.App.1985). Permission may be either express or implied. *Id.* "To be express, permission 'must be of an affirmative character, directly and distinctly stated, clear and outspoken, and not merely implied or left to inference.'" *Bourne v. Manley*, 435 S.W.2d 420, 426–7[5] (Mo.App.1968) (footnote omitted). The parties concede that express permission is not applicable in this case. Therefore, coverage would extend to Foster only on the basis of implied permission.

Implied permission must be determined from the facts and circumstances of the case. *Bourne*, 435 S.W.2d at 429[10–12]. It is not confined to affirmative action alone, but can and usually does arise from a course of conduct of the parties over a period of time prior to the use in question. *Id.* at 427[6, 7] (footnotes omitted). Additionally, the inference of implied permission "may be found to extend to uses of which the insured had no advance notice ... or even in some circumstances to a use theretofore disapproved by the insured." *Id.* at 429[10–12].

In the present case, Foster was a member of a crew employed by World Diversified Marketing, which sold multipurpose cleaning products door-to-door. One Nicholas Healey was a "field manager" work-

ing under Haynes, who classified herself as a "manager." Foster was considered a salesman.

Haynes owned two vehicles, the van in question and her personal car. As the crew travelled from city to city to sell their products, Haynes would drive her personal car, while the crew took the van. The cleaning products were kept in the van. Once in a particular city, Healey, who kept a set of keys to the van, would decide which part of the city to canvass, and where the crew would work. Haynes did not accompany the crew during its door-to-door sales, nor did she always stay with the crew in any particular city.

Foster had operated the van as the crew travelled from Oklahoma City, Oklahoma to Kansas City, Missouri. On that occasion, Haynes had instructed the crew to take turns driving if Healey, the primary driver of the van, became too tired. Haynes had no objection to another driver replacing Healey as long as the other driver was licensed. Another crew member named Neal Ambrose also participated in driving the van on the Oklahoma City to Kansas City trip. After Kansas City, the crew then travelled to St. Louis with the van being driven by yet another person, a manager named David Willis.

Very few members of the travelling crew had their own transportation. The van was used for personal reasons during the day and evening hours with Haynes' knowledge. It had been used by the crew to get something to eat, to see a show after working hours, and to go to the laundromat. Although Haynes stated that crew members had to ask permission before using the van for personal reasons, that policy was not in writing, nor did she remember telling Foster of the policy.

The night before the accident, on April 7, 1986, Healey and Foster took the van into Illinois and began drinking alcohol. They fell asleep in the van that night rather than returning to the hotel where the crew was staying. The drinking continued the next day, April 8, 1986. When the van stopped at a gas station, Healey, the driver, was arrested. Foster attempted to bring the van back to the hotel. While en route to the hotel, the collision occurred.

Viewing the circumstances of this case and the prior course of conduct between Haynes and her crew members, we conclude that there was substantial evidence to support the trial court's finding that Foster had implied permission to use the van on the date in question. Thus, the trial court properly concluded that liability coverage extends to Foster under the provisions of the insurance policy issued to Haynes.

JUDGMENT AFFIRMED.

DOWD and GARY M. GAERTNER, JJ., concur.