**STATE FARM FIRE & CASUALTY CO., Plaintiff/Respondent,**

v.

Aaron **RICKS**, Donte Ricks, Dwayne Ricks, Darne Ricks, Cynthia Ricks, Crystal Ricks, and Curtis Buchanan, Defendants/Appellants,

Andre Smith, Rita Peoples, Crystal Peoples, Angela Griffin, and Janet Triplett, Defendants.

No. 66264.

Missouri Court of Appeals, Eastern District, Division One.

May 30, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 24, 1995.

Richard L. Constance, Farrell, Hummel & Constance, St. Louis, for appellants.

David Phoenix, K. Steven Jones, Evans & Dixon, St. Louis, for respondent.

CRANE, Presiding Judge.

Defendants Aaron Ricks, Donte Ricks, Dwayne Ricks, Darne Ricks, Cynthia Ricks, Crystal Ricks, and Curtis Buchanan appeal from the declaratory judgment of the trial court that automobile liability policies issued by State Farm Fire & Casualty Company (State Farm) did not cover the drivers' use of two automobiles which collided because neither driver had the respective owner's permission to drive the automobile. We affirm.

On August 31, 1991, a 1989 Geo Spectrum driven by Angela Griffin in which Nina Ricks and Crystal Ricks were passengers collided with a 1979 Chevrolet Impala driven by Andre Smith. The car driven by Griffin was owned by Janet Triplett. The car driven by Smith was owned by Crystal Peoples. State Farm insured both automobiles. The omnibus clause in both policies defined "insured" in part as "any other person while using such a car if its use is within the scope of consent of you or your spouse."

■ On the night of the accident Andre Smith walked into Crystal Peoples' boyfriend's bedroom, woke Peoples up, and asked to borrow her Chevrolet Impala car. She said no. A few hours later Peoples woke up and discovered her car keys were missing. She and her boyfriend went to look for Smith and then learned of the accident. Prior to that night Smith had used Peoples' car on one previous occasion in which she had given him express permission.

The same night Larry Thomas, Janet Triplett's brother, borrowed Triplett's Geo Spectrum. Eventually he turned the car over to his girlfriend, Angela Griffin, to drive. Janet Triplett testified she had specifically told Angela Griffin that she was not allowed to drive the car and told her brother that she did not want anyone but him driving the car.

For their first point defendants contend that the trial court misapplied the law when it determined that Andre Smith had no authority, express or implied, to drive Crystal Peoples' car at the time of the accident. The trial court found that neither Crystal Peoples nor her mother Rita, also an insured, had given Andre Smith express or implied consent to drive the Chevy at the time of the accident.

■ Permissive use is a question of fact. *Ohio Casualty Ins. Co. v. Safeco Ins. Co.*, 768 S.W.2d 602, 603 (Mo.App.1989). Permission may be either express or implied. *Id.* "To be express, permission 'must be of an affirmative character, directly and distinctly stated, clear and outspoken, and not merely implied or left to inference.'" *Id.* (quoting *Bourne v. Manley*, 435 S.W.2d 420, 426–27 (Mo.App.1968)). Implied permission is determined from the facts and circumstances of the case and usually arises from a course of conduct over a period of time. *Id.* The trial court's finding that Andre Smith did not have express or implied permission to use the car at the time of the accident is supported by substantial evidence.

■ Defendants, however, argue that the trial judge misapplied the law. They assert that the Motor Vehicle Financial Responsibility Law (§§ 303.010–303.370 RSMo 1994) (MVFRL) embodies an expression of public policy in favor of coverage, citing *Halpin v. American Family Mut. Ins. Co.*, 823 S.W.2d 479 (Mo. banc 1992). In *Halpin* the Supreme Court held that the MVFRL partially invalidated the household exclusion clause of an automobile liability policy because the clause excluded liability coverage for injuries to an insured's household's members. The court found that public policy required that a liability policy provide the coverage indicated in § 303.190 so that the insured will be in compliance with § 303.025. *Halpin*, 823 S.W.2d at 481. It concluded that "the legislature had a purpose of requiring motor vehicle liability policies to provide coverage coextensive with liability, subject to the statutory limits." *Id.* at 482. In *State Farm Mut. Auto. Ins. Co. v. Liberty Mut. Ins. Co.*, 883 S.W.2d 530 (Mo.App.1994), this court found that coverage required by the MVFRL could not be limited by a car rental agreement.

However, if the MVFRL does not require liability insurance coverage for a particular situation, a policy provision excluding that coverage is not invalid. *See Baker v. DePew,* 860 S.W.2d 318, 324 (Mo. banc 1993), in which the court held that the MVFRL did not make the fellow employee exclusion of a business automobile liability policy invalid because § 303.190.5 provides that a policy need not insure liability for bodily injury to or death of the insured's employees.

Section 303.190.2(2) requires coverage only for persons using the vehicle with the express or implied permission of the insured:

2. Such owner's policy of liability insurance:

(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured. . . .

Because Andre Smith had no permission, express or implied, the MVFRL did not require the owner to have liability insurance which covered Smith's use of the vehicle. The policy is not against public policy for excluding liability coverage for his accident. In the absence of ambiguity and in the absence of a statute or public policy requiring coverage, we must enforce the policy as written. *Jasper v. State Farm Mut. Auto. Ins. Co.,* 875 S.W.2d 954, 957 (Mo.App.1994). Point one is denied.

For their second point defendants claim the trial court erred in finding Angela Griffin's use of the car was not covered. Defendants contend that Angela Griffin had implied permission to drive the car as a second permittee because she had the permission of her boyfriend, Larry Thomas, to drive the car.

Whether a named insured's grant of permission to a first permittee to use a vehicle impliedly authorizes the first permittee to allow another to use or operate the automobile is a question of fact. *USF & G v. Safeco Ins. Co.,* 522 S.W.2d 809, 812 (Mo. banc 1975); *State Farm Mut. Auto. Ins. Co. v. Foley,* 624 S.W.2d 853, 856 (Mo.App.1981). In *USF & G* the court set out the circumstances in which a second permittee may be covered under the usual omnibus clause:

1. The permission must come from the named insured, not simply from the first permittee.

2. Permission of the named insured to the second permittee may be implied as well as express.

3. Permission may be proven by circumstantial evidence, but the circumstances must be such that the necessary fact may be inferred therefrom and must reasonably follow, so that the conclusion so reached is not the result of guesswork, conjecture or speculation.

4. Permission from the named insured can be found or implied from a course of conduct which evidences the willingness of the named insured to permit the first permittee to authorize others to drive, such as the broad and unrestricted use given by the named insured to her daughter in this case.

*USF & G,* 522 S.W.2d at 816. In *USF & G,* the insured car owner gave her daughter her own set of keys to the car and allowed her to use the car whenever she wanted, which was about 75% of the car's use. When the daughter first started driving, over a year before the accident occurred, the owner told the daughter not to let others drive. She never gave her other instructions or authority. Further, the owner allowed her daughter's two friends to drive when her daughter's eyes were bothering her. One evening, while daughter was using the car, she asked a friend to drive. That friend ran off the road and into a tree.

The Missouri Supreme Court concluded that the evidence supported the trial court's finding that the friend was operating the vehicle with the owner's implied permission. *Id.* at 814. It found the owner gave her daughter "broad and unfettered use" of the car which included letting someone else drive the car when the daughter considered it appropriate to the use she was authorized to make of the vehicle. *Id.* The court distinguished cases in which children had to ask for permission each time they wanted the car, they could only take it for specific purposes, and curfews were enforced. In each

of those cases the court noted that the insured parents did not permit unfettered control of the vehicle. *Id.* at 814–15.

In *Foley* the named insured gave his son almost sole use of a car. However, the trial court found that the father had "extreme domination of all family members" and did not permit anyone outside the family to drive his cars. Applying the test set out in *USF & G*, the appellate court affirmed, finding there was sufficient evidence to support the trial court's conclusion. It held that under those circumstances the omnibus clause of the State Farm policy did not cover a friend whom the son let drive the car. *Foley*, 624 S.W.2d at 856.

Here Triplett's brother had broad use of the vehicle. However, Triplett limited his control by specifically instructing him that no one else was to drive the car. She further told Griffin directly that she was not allowed to drive the car. The trial court's finding under the facts that Griffin was not a "second permittee" is supported by substantial evidence.

Defendants ask us to reexamine the omnibus clause contained in the standard auto policy defining who is an insured in light of the MVFRL. They assert that some states grant coverage if a first permittee gives a second permittee permission even though the named insured specifically forbade such action, citing *Maryland Casualty Co. v. Iowa Nat'l Mut. Ins. Co.*, 54 Ill.2d 333, 297 N.E.2d 163 (1973) and *Odolecki v. Hartford Accident & Indem. Co.*, 55 N.J. 542, 264 A.2d 38 (1970). The Missouri Supreme Court did not follow the rationale of these decisions when it handed down its opinion in *USF & G* in 1975. Defendants provide no reason why the MVFRL should change the *USF & G* test. Point two is denied.

The judgment denying coverage under both policies is affirmed.

CRANDALL and DOWD, JJ., concur.