**Sandra J. NORRIS, Respondent,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.**

No. WD 58607.

Missouri Court of Appeals,
Western District.

Feb. 13, 2001.

Thomas Hankins, Bernard Schmitt, Gladstone, Jeff Hensley, Kansas City, for appellant.

James Benjamin, Kansas City, for respondent.

Before HOLLIGER, Presiding Judge, LOWENSTEIN, Judge, and NEWTON, Judge.

HOLLIGER, Judge.

Nationwide Mutual Insurance Company appeals from the judgment of the Circuit Court of Platte County, Missouri, granting judgment in favor of Sandra Norris. Nationwide claims the trial court erred in finding (1) that the judgment of $300,000, pursuant to a settlement under § 537.065 RSMo 1994, was reasonable, and (2) that Kevin Barnes was a permissive user of the Farmer Brothers vehicle. Affirmed.

## FACTS and PROCEDURAL HISTORY

On June 8, 1992, Sandra Norris was injured when struck by a van driven by Kevin Barnes. Barnes worked for Farmer Brothers, which also owned the van. Norris sued Barnes in Clay County Circuit Court for negligence and received a jury

verdict of $10,000. The verdict was reduced by a 40 percent comparative fault assessment, resulting in a final judgment of $6,000. Norris appealed. We reversed and remanded,[1] instructing the trial court to offer Barnes two choices: agree to a new trial or to an additur of $28,000[2] to the $10,000 before the comparative fault assessment, which would result in a final judgment of $22,800.

Present at the remand hearing before Judge Russell was the lawyer hired by Nationwide, insurer for Farmer Brothers, to represent Barnes. In the original trial, Nationwide had defended Barnes under a reservation of rights, denying coverage on the basis of lack of permission for Barnes to drive his employer's vehicle at the time of the accident. At the hearing after remand, Barnes' lawyer indicated that he intended to accept the additur rather than a new trial. Apparently, Barnes was not consulted about this choice. He became upset upon learning that Nationwide intended to continue denying coverage and would not voluntarily pay the judgment after additur. Upon being informed that Norris would immediately seek to garnish his wages, Barnes arranged, through independent counsel, a settlement pursuant to § 537.065. Under the settlement, Barnes agreed to refuse the additur (thus receiving a new trial) and then to confess judgment in the amount of $300,000. At a follow-up hearing with Judge Russell, Barnes accepted the new trial, and the court subsequently entered judgment of $300,000 pursuant to the confession of judgment by Barnes.[3]

Norris subsequently filed an equitable garnishment action against Nationwide and American Standard Insurance Company[4] in Platte County Circuit Court. On April 2, 1998, Judge Shafer entered judgment in favor of Norris in the amount of $300,000 against Nationwide, and denied Norris' claims against American Standard in that any liability against it would be in excess of the Nationwide policy. This appeal follows.

## STANDARD OF REVIEW

We will uphold the judgment of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

## DISCUSSION

In two points, Nationwide argues that the trial court erred in finding: (1) that the settlement of $300,000 was reasonable, and (2) that Kevin Barnes was a permissive user of the Farmer Brothers vehicle, a prerequisite to its finding of coverage under the policy.

### Point I

■ In its first point, Nationwide challenges the trial court's finding that the settlement of $300,000 was reasonable. At the outset, Nationwide asserts that the burden of proving reasonableness falls on Norris and not Nationwide because an insurer does not have the burden of proving

---

1. *Norris v. Barnes,* 957 S.W.2d 524 (Mo.App. 1997) ("*Norris I*").

2. The amount of the uncontested medical bills.

3. Apparently, there was no hearing in which damage information was submitted to Judge Russell. Thus, he had no basis for determining, and apparently did not make any findings about, the reasonableness of the settlement, nor did he otherwise review the amount of the judgment.

4. Insurer of Barnes' personal vehicle.

reasonableness unless it elected not to participate in the underlying case. *Ferrellgas v. Williamson,* 24 S.W.3d 171, 176 (Mo. App.2000). Nationwide argues that since it indeed participated in and defended the underlying case, even if under a reservation of rights, then the burden shifted to Norris. Norris responds that Nationwide abandoned its defense of Barnes when it attempted to accept the additur and have the $22,800 judgment entered against Barnes against his specific direction, but refused to pay it; therefore, the burden of demonstrating that the settlement was unreasonable lies with Nationwide. Nationwide does not deny the allegation of a conflict of interest.[5] We need not reach the issue of who has the burden of proof, nor do we need to determine whether Nationwide abandoned its defense or had a conflict of interest, because those issues have not been raised.

It is unclear whether Nationwide's point on appeal contests the sufficiency of the evidence to support the trial court's judgment, or whether it contends that the judgment is against the weight of the evidence. We, therefore, consider the evidence and the court's findings as to both possible issues, *ex gratia.*

The sufficiency of the evidence is a question of law, but the weight of the evidence is a matter of discretion. *Taylor v. F.W. Woolworth Co.,* 641 S.W.2d 108, 111 (Mo. banc 1982). In determining the sufficiency of the evidence, we will accept as true the evidence and all reasonable inferences from it that are favorable to the trial court's judgment, disregarding all contrary evidence. *State Farm Mut. Auto. Ins. Co. v. Scheel,* 973 S.W.2d 560, 563 (Mo.App.1998). In assessing whether the judgment was against the weight of the evidence, the trial court's judgment will not be disturbed on appeal absent an abuse of discretion. *Taylor,* 641 S.W.2d at 111. Judicial discretion is abused only where "the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable people can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." *Newman v. Ford Motor Co.,* 975 S.W.2d 147, 151 (Mo. banc 1998). In a judge-tried case, credibility of the witnesses and the weight to be given their testimony are matters for the trial court, which is free to believe none, part, or all of the testimony. *Superior Gearbox Co. v. Edwards,* 869 S.W.2d 239, 244 (Mo.App.1993). We do not substitute our judgment for that of the trial court on credibility issues. *Id.*

Nationwide points to no particular finding of fact made by the trial judge as being incorrect or unsupported, other than the finding of reasonableness. Nationwide cites *Gulf Ins. Co. v. Noble Broadcast,* 936 S.W.2d 810 (Mo. banc 1997), in which the Missouri Supreme Court held that the test of whether the settlement amount is reasonable is what a reasonably prudent person in the position of the defendant would have settled for on the merits of the plaintiff's claim. *Id.* at 816. Nationwide argues that the judgment of $300,000 was unreasonable because: (1) the jury found in favor of Norris for only $10,000, and (2) this court, in *Norris I,* recommended additur of $28,000 to the verdict of $10,000. *Id.* at 530. We would have expected some

---

**5.** There is no indication that Barnes' trial counsel received instructions from Barnes to accept the additur. Barnes apparently did not authorize that choice. If counsel was acting upon Nationwide's instructions without Barnes' consent, there may have been a serious conflict of interest or breach of fiduciary duty.

argument that the settlement was not reasonable because it did not consider, or did not fully consider, issues of comparative fault. No such argument was made by Nationwide.

▮▮▮▮ Ms. Norris responds that the $300,000 was indeed reasonable and was supported by substantial evidence under the *Gulf* standard. She argues that her expert witness, a trial attorney experienced in personal injury matters, testified that the $300,000 settlement was fair and reasonable. She also provides a list of similar settlements in Missouri, which she claims demonstrates that the fair settlement value of her claim was in excess of $300,000. With respect to Nationwide's arguments that Norris is bound by the jury verdict or by the additur suggested by this court in *Norris I*, Norris argues that once a new trial is granted, the parties are not bound by the verdict rendered in the prior trial. *Smith v. Smith*, 176 S.W.2d 647, 649 (Mo.App.1944). We agree. Once a motion for new trial is ordered, the case is left for trial de novo as though there had been no trial. *Id.; Willis v. Willis*, 274 S.W.2d 621, 624 (Mo.App. 1954). Therefore, the jury's verdict of $10,000 from the first trial was invalidated. Neither the original determination of damages nor the division of fault were any more binding on the garnishment judge than they would have been on either of the parties, or a jury, if the case had been retried. Nor would either hold any weight when considering whether the settlement was reasonable. Moreover, once Barnes accepted this court's option of a new trial rather than additur, and a new trial was ordered, the trial court fulfilled its obligation to follow our mandate set out in *Norris I. Id.* at 530. Nationwide's argument also misconstrues our opinion in *Norris I*, and the limitations on additur in

correcting an inadequate verdict. As we indicated in *Norris I*, an appellate court may not overrule a trial court's denial of a request for additur (or remittitur) unless the verdict is so grossly inadequate (or excessive) that it shocks the conscience and convincingly shows that both the jury and trial judge abused their discretion. *Id.* at 528. The court in *Norris I* found such an abuse of discretion. *Id.* We have not, in previous cases, said that the exercise of the power of additur is intended to express an appellate court's opinion as to what a proper or reasonable verdict would be. If that were the purpose, there would be little logic in permitting the plaintiff to refuse the additur and elect a new trial. Moreover, as we expressly stated in *Norris I*, the authority to grant additur allows the augmentation of the verdict "in the amount of plaintiff's stipulated or proven damages." *Id.* Consequently, the parties were not bound by the additur suggested by this court in our earlier opinion, nor can Nationwide bind the garnishment judge to that amount in determining whether the settlement was reasonable.

Accordingly, whether a settlement amount is reasonable is within the discretion of the trial court. *Gulf*, 936 S.W.2d at 816. The trial court found that, as a result of the June 8, 1992, accident, Norris "sustained multiple fractures of her pelvis and leg, had to undergo two major surgical procedures, incurred medical bills in excess of $28,000, was forced to be off work until July, 1992, and has two disfiguring scars."[6] Based on this evidence, the trial court found that "$300,000 was a fair figure at which to settle her claim." We cannot say that the trial court's finding was so arbitrary or unreasonable as to shock the sense of justice and we therefore conclude that the trial court did not abuse

---

**6.** The record indicates that Norris was off    work for two months.

its discretion in ordering judgment in favor of Norris in the amount of $300,000 because the judgment was supported by substantial evidence. Nationwide should have clearly recognized that, when it continued to deny coverage after our first opinion, there was a risk of a substantially different assessment of damages and division of fault upon a new trial, and a risk that Barnes would enter into a § 537.065 settlement.

## Point II

In its second point, Nationwide argues that the evidence was insufficient to support the finding by the trial court that Barnes had the permission of Farmer Brothers to use its vehicle at the time of the accident. Nationwide contends that the evidence showed that Barnes had been previously reprimanded for using the company van without permission, and he was ultimately discharged for that reason. Nationwide suggests that these facts which support a finding that he was not a permissive user. Norris responds that Barnes did have permission to use the van at the time of the accident, and such finding was supported by substantial evidence, including: (1) he had possession of it; (2) he was on-call for Farmer Brothers; (3) he was expected to use it for response to service calls; (4) that weekend he had been instructed by his superior to leave his personal vehicle at the office and take the van with him; (5) it was his only transportation that weekend; and (6) Farmer Brothers understood that its employees who were on-call would use the vans for personal errands. Again, we are somewhat unclear from Nationwide's point on appeal whether it is arguing that there was no substantial evidence or that the judgment is against the weight of the evidence. We will again consider both, *ex gratia.*

Whether Barnes was a permissive user of the vehicle is a question of fact which may be satisfied by a showing of either express or implied permission. *State Farm Fire & Cas. Co. v. Ricks,* 902 S.W.2d 323, 324 (Mo.App.1995). We note that Nationwide does not discuss with specificity whether it challenges the trial court's finding based on express permission or implied permission. It points to no erroneous statement of law or application of law to the facts. And in support of its arguments, Nationwide cites and discusses *Scheel,* a case which deals with implied permission. We assume, therefore, that Nationwide is challenging the weight of the evidence to support a finding that Barnes had the implied permission of Farmer Brothers.[7]

Implied permission is determined from the facts and circumstances of the case and usually arises from a course of conduct over a period of time. *Ohio Cas. Ins. Co. v. Safeco Ins. Co.,* 768 S.W.2d 602, 603 (Mo.App.1989). The trial court found that Barnes had the permission of Farmer Brothers to use the van at the time of the accident:

> Defendant Barnes was an employee of Farmer Brothers at the time of the accident. He was required to have the Farmer Brothers van with him at home so he could go out on service calls at any time, day or night. Farmer Brothers authorized Defendant Barnes to use the van when he had it at home. Farmer Brothers even told Defendant Barnes to leave his personal vehicle at Farmer Brothers for the weekend and to take the van with him so he would have it at home.

Accepting as true the evidence and inferences from it that are favorable to the judgment, and disregarding all contrary

7. The trial court did not specify whether it was finding express or implied permission.

evidence, we find that there was substantial evidence to support the trial court's finding that Barnes had the permission of Farmer Brothers to operate the vehicle when the accident occurred. The evidence establishes use of the vehicle by an employee of the insured, exclusive possession and control of the vehicle by that employee, a course of conduct of personal use by the employee, and no indication of non-acquiescence or express prohibition by the insured. This evidence is sufficient to imply permission. Clearly, Farmer Brothers employees who were on-call during a weekend, such as Barnes, were permitted to take the company vehicle home in the event a service call was necessary; Barnes had been instructed by his superior, Chett Posey, to leave his personal vehicle at the Farmer Brothers office and to take the company vehicle home with him for the weekend; Farmer Brothers clearly was aware of this practice and took no steps to prevent Barnes from doing so that weekend; and Farmer Brothers provided Barnes with the keys to drive the vehicle. For the reasons stated, we agree with Ms. Norris that the evidence supports a finding of a course of conduct between the parties sufficient to support the trial court's conclusion that Barnes had the permission of Farmer Brothers to use the vehicle at the time of the accident. Nor do we find, under the proper standard of review as set forth above, that the trial court's judgment was against the weight of the evidence. Although there was contrary evidence, the trial court was free to and did in fact reject that evidence.

The judgment of the trial court is affirmed.

LOWENSTEIN and NEWTON, JJ., concur.