SHELTER MUTUAL INSURANCE
COMPANY, Respondent,

v.

Raymond and Dorothy SEE, Shannon
Nelson, Defendants,

Robert K. Slates, a Minor by and
Through his Next Friend, Tina Nave
and Tina Nave, Appellants.

No. WD 58888.

Missouri Court of Appeals,
Western District.

April 10, 2001.

As Modified May 29, 2001.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 29, 2001.

Thomas E. Hankins, Gladstone, for appellant.

William A. Mallory, Kansas City, for respondent.

Before ULRICH, P.J., LOWENSTEIN, J. and HOLLIGER, J.

ULRICH, Judge.

Robert Slates and Tina Nave (Appellants) appeal the declaratory judgment of the trial court ruling that Shelter Mutual Insurance Company is not obligated under an automobile insurance policy issued to Raymond and Dorothy See to defend Shannon Nelson as an insured or to indemnify or pay any judgment or settlement that may be rendered against him. They claim that the trial court erred in finding that Shannon Nelson was not a permissive user of the Sees' 1987 Ford Bronco II at the time of an accident involving the vehicle. The judgment of the trial court is affirmed.

Raymond and Dorothy See [1] owned a 1987 Ford Bronco II that was involved in an accident on August 22, 1998, near Liberty. The Sees had an automobile liability insurance policy issued by Shelter covering the Bronco. The policy included the following definition of insured:

PERSONS INSURED

As used in this Part, Insured means:

(1) With respect to the described auto,

　(a) You,

　(b) Your relatives,

　(c) Any other person using the auto if its use is within the scope of your permission [commonly called an omnibus clause], and

　(d) Any other person or organization liable for the use of the auto by one of the above persons.

Shannon Nelson, the Sees' grandson, and Robert Slates, his friend, occupied the Bronco at the time of the accident. The accident occurred at approximately 1:00 a.m. when Shannon and Robert were returning home from a party. After the accident, Robert and his mother, Tina Nave, sued Shannon and Mr. See seeking damages for the injuries Robert sustained in the automobile accident. The petition alleged that Shannon was driving the Bronco at the time of the accident. Shannon denied that he was driving. Shannon

---

1.　Dorothy See is now deceased.

requested a defense and indemnity from Shelter for the claims made in the underlying case. Shelter filed this declaratory judgment action asserting it had no duty to defend or indemnify Shannon under its policy with the Sees because Shannon was not operating the Bronco with the permission of the Sees and, therefore, was not covered under the policy as an insured. After considering the parties' Stipulation of Uncontroverted Facts and attached exhibits including the depositions of Mr. See, Shannon, and Robert, the trial court entered its judgment finding that Shannon's use of the Bronco for recreational purposes was more than a minor deviation from the scope of permission granted by Mr. See. This appeal followed.

In a case tried on stipulated facts, the only question on review is whether the trial court drew the proper legal conclusions from the stipulated facts. *Cottey v. Schmitter*, 24 S.W.3d 126, 128 (Mo.App. W.D.2000).

In their sole point on appeal, Appellants claim that the trial court erred in finding that Shannon was not a permissive user of the Bronco at the time of the accident. They contend that the evidence compelled the conclusion that Shannon's operation of the Bronco at the time of the accident was well within the scope of the permission granted by Mr. See. Permissive use of a vehicle under an omnibus clause of an automobile insurance policy is a question of fact. *State Farm Mut. Auto. Ins. Co. v. Scheel*, 973 S.W.2d 560, 567 (Mo. App. W.D.1998); *State Farm Fire & Cas. Co. v. Ricks*, 902 S.W.2d 323, 324 (Mo.App. E.D.1995). Permission may be either express or implied. *Scheel*, 973 S.W.2d at 567; *Ricks*, 902 S.W.2d at 324. Permission is express if it is of an affirmative character, directly and distinctly stated, clear and outspoken, and not merely implied or left to inference. *Ricks*, 902

S.W.2d at 324. Implied permission is determined from the facts and circumstances of the case and usually arises from a course of conduct of the parties over a period of time. *Id.* Implied permission may be the result of a common practice or course of conduct whereby the owner acquiesces in the practice of another operating his automobile. *Shelter Mut. Ins. Co. v. Baker*, 753 S.W.2d 646, 649 (Mo.App. S.D. 1988).

While an omnibus clause limits coverage to permissive users, not every deviation from the scope of the express or implied permission will defeat coverage. Whether a particular use exceeds the scope of permission granted is determined by application of the minor deviation rule. *American Family Mut. Ins. Co. v. Arnold Muffler, Inc.*, 21 S.W.3d 881, 883 (Mo.App. E.D.2000). Under the minor deviation rule, where a deviation from intended use is only a minor one and not a gross, substantial, or major violation, the deviation will be considered immaterial, and coverage will be afforded under the omnibus clause. *Id.; Auto–Owners Ins. Co. v. McGaugh*, 617 S.W.2d 436, 442 (Mo.App. W.D.1981). In determining whether a violation is minor or material, the purpose for which the vehicle was given must be considered while taking into account the extent of the deviation in actual distance or time. *Arnold Muffler*, 21 S.W.3d at 883; *Cameron Mut. Ins. Co. v. Chitwood*, 609 S.W.2d 492, 495 (Mo.App. S.D.1980). Such determination is a matter of degree with no hard or fast rules. *Arnold Muffler*, 21 S.W.3d at 883.

In this case, Shannon's use of the Bronco at the time of the accident was more than a minor deviation from the scope of permission granted by Mr. See. Both Mr. See and Shannon testified by deposition that Shannon did not have ex-

press permission to use the Bronco for social purposes on August 22, 1998. Both testified that Shannon was only allowed to use the Bronco to drive the half mile from his home to Mr. See's farm and within the city of Richmond for the purpose of helping his grandfather with farm-related chores. Because Shannon had no other means of transportation to his grandfather's farm, the Bronco was kept at the home of Adina Nelson, Mr. See's daughter and Shannon's mother, for the two or three months prior to the accident. Shannon had a set of keys to the vehicle. The permission given to Shannon was restricted to the distance and place he could drive. An express limitation on the use of the Bronco was imposed.

Neither did Shannon have implied permission to use the vehicle on the night of the accident. In arguing that Mr. See acquiesced to Shannon's use of the Bronco for purposes other than farm work, Appellants refer to Shannon's deposition testimony that he would occasionally drive the Bronco to see his friends or to work, that he would allow Robert to drive the Bronco, and that he paid his grandfather for extra gas that he used. Shannon also testified, however, that Mr. See either did not know he was using the Bronco for these purposes or that his grandfather reprimanded him when he subsequently learned of these incidents. Mr. See did not acquiesce in Shannon's using the Bronco for social purposes. Shannon's permission to use the Bronco, therefore, did not extend beyond that expressly granted by Mr. See.

Despite knowing that Mr. See objected to Shannon's use of the Bronco for any purpose other than helping with farm-related chores, Shannon and Robert drove the Bronco from Richmond to Liberty to attend a party. After drinking beer and smoking marijuana at the party, the boys were driving back to Richmond when the accident occurred after midnight on August 22, 1998. Shannon's use of the Bronco to attend a party in Liberty was more than a minor deviation from the scope of permission granted by Mr. See. Shannon, therefore, was not a covered insured under the omnibus clause of the insurance policy. The trial court's judgment ruling that Shelter had no duty to defend or indemnify Shannon under its policy with the Sees was not erroneous. The point is denied.

The judgment of the trial court is affirmed.

LOWENSTEIN and HOLLIGER, JJ., concur.