Lilly REDDISH, Plaintiff–Appellant,

v.

HEARTLAND AUTO PLAZA,
Defendant–Respondent.

No. 27392.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 4, 2006.

William Bacon Gresham III, Poplar Bluff, MO, for appellant.

Shawn David Young, Portageville, MO, for respondent.

GARY W. LYNCH, Judge.

Appellant Lilly Reddish ("Buyer") brought an action in three counts against Respondent Heartland Auto Plaza ("Seller") seeking to void her purported purchase of an automobile from Seller and for damages for Seller's alleged fraud arising from the transaction. After hearing the evidence, the trial court granted judgment in favor of Seller on all three counts, finding insufficient evidence to support Buyer's allegations. Buyer appeals the judgment. We affirm the judgment as to count one and reverse and remand the judgment as to counts two and three.

### 1) *Factual and Procedural History*

On June 16, 2004, Buyer purchased a vehicle from Seller at its store located in Poplar Bluff, Missouri. Seller delivered possession of the vehicle to Buyer on this date, but Seller did not deliver a certificate of ownership for the vehicle to Buyer. Seller called Buyer on the next day, and in response to that call, Buyer returned to Seller's store to complete new paperwork to secure a better interest rate on the financing. Seller did not deliver a certifi-cate of ownership to the vehicle to Buyer at that time. Buyer attempted to title and insure the vehicle but was unable to do so, due to the lack of a title.

Buyer filed a petition in the Associate Division of the Circuit Court of Butler County on July 14, 2004, asking for damages as a result of Seller's fraudulent misrepresentation as to the accident history and year of manufacture of the vehicle. This petition was later amended to add two additional claims for relief. The first count of the second amended petition, upon which this case was tried, was the original claim of fraudulent misrepresentation. The second and third counts of the second amended petition, both alleging non-compliance with Section 301.210, sought damages and a declaration that the purported sale was void, respectively.[1] The case was tried to the court on October 5, 2005, at which time Buyer still maintained possession of the vehicle, and Seller still maintained possession of the certificate of ownership for the vehicle.

Buyer testified that she had maintained possession of the vehicle since June 16, 2004, and had never received a certificate of ownership for the vehicle from the Seller. Paul Ruff, the store manager for Seller, testified on behalf of Seller and was the only other witness to testify during the trial. He did not personally participate in the transaction at issue. He did not have any conversations with Buyer on June 16, 2004, and could only vaguely recall the transaction. Ruff testified that he maintained possession of the certificate of ownership to the vehicle and that Buyer had physical possession of the car.

After trial, the trial court entered judgment in favor of Seller on all three counts of Buyer's amended petition, finding there was "insufficient evidence to support the

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

allegations of the [Buyer's] Petition by a preponderance of the evidence." Buyer appeals, claiming that the trial court's judgment in favor of Seller on counts two and three of the amended petition is an erroneous application of the law, in that there was "substantial evidence that [Seller] failed to deliver to [Buyer] at the time of delivery of the vehicle to [Buyer] a certificate of ownership with an assignment thereof." [2]

## 2) *Standard of Review*

Appellate review of this court-tried civil matter is governed by *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976), under which [t]his court will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Dorman v. Dorman,* 91 S.W.3d 167, 169 (Mo.App. 2002). This court views the evidence and all reasonable inferences therefrom in the light most favorable to the judgment and disregards all contrary evidence and inferences. *Id.* at 169. Furthermore, as in all judge-tried civil cases, the credibility of the witnesses and the weight to be given their testimony are matters for the trial court, which is free to believe none, part, or all of the testimony. *Norris v. Nationwide Mut. Ins. Co.,* 55 S.W.3d 366, 369 (Mo.App.2001). An appellate court not only defers to a trial court's ability to determine the witnesses' credibility, but also to its ability to choose between conflicting evidence. *In the Interest of A.H.,* 9 S.W.3d 56, 59 (Mo.App.2000). "However, if the evidence is uncontroverted or admitted, such that the real issue is strictly a legal one regarding the legal effect of the evidence, then there is no need to

defer to the trial court's judgment." *Tolliver v. Dir. of Revenue,* 117 S.W.3d 191, 196 (Mo.App.2003) (citing *Hinnah v. Dir. of Revenue,* 77 S.W.3d 616, 620 (Mo. banc 2002)).

## 3) *Discussion and Decision*

■ Buyer raises one issue on appeal. Buyer claims that the trial court erred in finding that there was insufficient evidence to support the allegations of counts two and three of Buyer's second amended petition by a preponderance of the evidence. Buyer argues that the finding erroneously applied the law, because there was substantial evidence that Seller failed to comply with section 301.210 by failing to deliver to Buyer at the time of delivery of the vehicle a certificate of ownership with an assignment thereof.

Counts two and three of Buyer's amended petition are both brought under the provisions of section 301.210. The only difference between the two counts is the relief sought—count two requested damages and count three requested a declaration that the purported sale is void. Because the linchpin of Buyer's appeal on each count is identical—whether there was insufficient evidence to support a finding of a violation of section 301.210—we will address them together.

In counts two and three, Buyer contends that the purported sale of the car was void and fraudulent under section 301.210 because of Seller's failure to transfer title at the time the vehicle was delivered. This statute requires, in pertinent part:

1) That upon sale or transfer of ownership of a motor vehicle ... for which a certificate of ownership has been issued, the holder of such certificate

---

**2.** Buyer does not challenge on appeal the trial court's judgment in favor of Seller on count

one of the amended petition.

shall endorse on the same an assignment thereof ... and deliver the same to the buyer at the time of the delivery to him of such motor vehicle.

* * *

4) It shall be unlawful for any person to buy or sell in this state any motor vehicle ... registered under the laws of this state, unless, at the time of the delivery thereof, there shall pass between the parties such certificate of ownership with an assignment thereof, as provided in this section; *and the sale of any motor vehicle ... registered under the laws of this state, without the assignment of such certificate of ownership, shall be fraudulent and void.*

Section 301.210 (Emphasis added).

A sale contrary to this statute is fraudulent and void. *Greer v. Zurich Ins. Co.,* 441 S.W.2d 15, 25[5] (Mo.1969). A contract for the sale of a motor vehicle registered under Missouri law without assignment and delivery of the certificate of title is unlawful and may be repudiated while the transaction remains executory in that the title documents have not been delivered. *Id.* A buyer of a motor vehicle who has fully paid the purchase price but has received no certificate of title acquires neither title nor the right to possession of the motor vehicle. *Id.* at 26; *Bank of Jasper v. Langford,* 459 S.W.2d 97, 100 (Mo.App.1970). The attempted transfer of ownership of a used motor vehicle is fraudulent and void unless, as a reasonably contemporaneous part of the transaction, the previously issued certificate is properly assigned and acknowledged by the transferor and delivered to the transferee. *Bank of Jasper,* 459 S.W.2d at 100. Section 301.210 is designed to hamper traffic in stolen cars and to prevent fraud and deceit in the sale of used cars. *Greer,* 441 S.W.2d at 26. It is a police regulation of the highest order and should be liberally construed to accomplish its purpose. *Id.* Missouri courts have consistently held that absolute technical compliance with section 301.210 is required; otherwise the sale is fraudulent and void. *Horton v. State Farm Fire Cas. Co.,* 550 S.W.2d 806 (Mo. App.1977). Failure to strictly comply with the statute means no title passes and the purported buyer has no ownership. *Id.*

Compliance with section 301.210 requires two acts to constitute a sale of a vehicle: 1) delivery of the motor vehicle, and 2) the contemporaneous delivery of the properly assigned certificate of ownership. The uncontested and undisputed evidence at trial confirmed that the vehicle was delivered to Buyer on June 16, 2004 and that no certificate of ownership, properly assigned or otherwise, was delivered by Seller to Buyer at this time. Both Buyer and Seller's agent testified to these facts, and no contrary evidence was presented by either party. Both Buyer and Seller's agent testified that as of the date of trial, some fifteen months after delivery of the vehicle, Seller still retained the certificate of ownership for the vehicle and Buyer still had possession of the vehicle.

Based upon the above undisputed and uncontested facts, Buyer presented a *prima facie* case in support of her allegations in counts two and three of her second amended petition that the transaction in question was in violation of the provisions of section 301.210. The trial court's application of these uncontroverted facts to find insufficient evidence of such a violation is a misapplication of their legal effect. Therefore, the trial court's conclusion that there was insufficient evidence to support counts two and three is a misapplication of the law and is in error.

4) *Decision*

The judgment of the trial court in favor of Seller on counts two and three of Buy-

er's second amended petition is reversed and remanded to the trial court for further proceedings not inconsistent with this opinion. The judgment in all other respects is affirmed.

GARRISON, J., and BARNEY, J., concur.