Thomas C. COTTEY, Respondent,

v.

Virgil L. SCHMITTER and State Highway And Transportation Commission of Missouri, Appellants.

No. WD 57266.

Missouri Court of Appeals, Western District.

April 18, 2000.

Motion for Rehearing and/or Transfer to Supreme Court May 30, 2000.

Application for Transfer Denied Aug. 29, 2000.

Zachary T. Cartwright, Jr., Rich Tiemeyer, Chief Counsel, Jefferson City, for appellants.

Scott Templeton, Kirksville, for respondent.

Before LAURA DENVIR STITH, P.J., ULRICH, J. and SMART, J.

ROBERT G. ULRICH, Judge.

Virgil Schmitter and the Missouri Highway and Transportation Commission (Appellants) appeal the judgment of the trial court in favor of Thomas Cottey against Mr. Schmitter in the amount of $250,000 and against the Missouri Highway and Transportation Commission (MHTC) in the amount of $100,000. Appellants contend that the court erred in entering judgment against Mr. Schmitter in the amount of $250,000 because the total recovery against both Mr. Schmitter and the MHTC was subject to the $100,000 limitation set

forth in section 537.610.2 [1] of the sovereign immunity statute. The judgment of the trial court is affirmed.

On January 9, 1997, Thomas Cottey was a passenger in an automobile that collided with a snow plow operated by Virgil Schmitter, who was acting in the scope and course of his employment with the Missouri Department of Transportation. Mr. Cottey sued Mr. Schmitter and the MHTC to recover damages for his resulting injuries. The parties subsequently entered into a stipulation of facts and partial settlement agreement wherein they stipulated that Mr. Schmitter negligently operated the snow plow in the scope and course of his employment and that such negligence directly caused Mr. Cottey to sustain damages in the amount of $250,000.

Pursuant to the agreement, the trial court issued an interlocutory judgment against Mr. Schmitter in the amount of $250,000. It also entered judgment against the MHTC in the amount of $100,000. The interlocutory judgment was subject, however, to Appellants' motions to reduce the judgment against Mr. Schmitter to $100,000. Thereafter, Appellants filed motions to amend the judgment and for an order declaring satisfaction of judgment arguing that Mr. Schmitter was entitled to the same limitations on liability that were applicable to the MHTC under section 537.610.2. The trial court overruled the motions. This appeal followed.

In their sole point on appeal, Appellants claim that the trial court erred in entering a judgment against Mr. Schmitter in the amount of $250,000. They contend that the total recovery against the State and an employee on a claim for the negligent operation of a motor vehicle is subject to the $100,000 limitation in section 537.610.2 of the sovereign immunity statute.

On appeal from a court-tried case based on stipulated facts, the only question on review is whether the trial court drew the proper legal conclusions from the facts stipulated. *Schroeder v. Horack*, 592 S.W.2d 742, 744 (Mo. banc 1979); *State Farm Mut. Auto. Ins. Co. v. Liberty Mut. Ins. Co.*, 883 S.W.2d 530, 532 (Mo.App. E.D.1994).

As an executive department of state government, the MHTC is a public entity that is shielded from suit by sovereign immunity. *State ex rel. Missouri Highway and Transp. Comm'n v. Dierker*, 961 S.W.2d 58, 59 (Mo. banc 1998). Sovereign immunity is waived, however, in cases involving injuries directly resulting from the negligent act of a public employee arising out of the operation of a motor vehicle within the course of the person's employment. § 537.600.1(1). The liability of the public entity in such cases is, however, limited under section 537.610.2. Section 537.610.2 provides:

> The liability of the state and its public entities on claims within the scope of sections 537.600 to 537.650, shall not exceed one million dollars for all claims arising out of a single accident or occurrence and shall not exceed one hundred thousand dollars for any one person in a single accident or occurrence, except for those claims governed by the provisions of the Missouri workers' compensation law, chapter 287, RSMo.

§ 537.610.2.

In this case, the MHTC was liable under the waiver of immunity provision of section 537.600.1(1) for the injuries sustained by Mr. Cottey as a result of Mr. Schmitter's negligent operation of the snow plow. Pursuant to section 537.610.2, the MHTC's liability, however, was limited to $100,000. The provisions of the sovereign immunity statute, however, were not applicable to Mr. Schmitter. Sovereign immunity is uniquely applicable to a governmental entity and is not applicable to an individual public official who acts as an agent of the state.[2] *Rustici v. Weidemey-*

---

1. All statutory references are to RSMo 1994 unless otherwise indicated.

2. An employee or officer of the state may be insulated from liability by "official immunity"

*er,* 673 S.W.2d 762, 768 (Mo. banc 1984); *Larabee v. City of Kansas City,* 697 S.W.2d 177, 180 (Mo.App. W.D.1985). Accordingly, the limitation on liability where sovereign immunity is waived applies only to the public entity and not to an agent of the entity. *State ex rel. Trimble v. Ryan,* 745 S.W.2d 672, 675 (Mo. banc 1988).

Appellants contend that because the State Legal Expense Fund, sections 105.711 to 105.726, which is available for payment of claims against the state, a state agency, or an officer or employee of the state or agency, will be liable for the judgment against Mr. Schmitter, the action was ultimately one for recovery of money from the state, and sovereign immunity and the limitation on liability where immunity is waived were applicable in this case. Appellants claim that to hold otherwise would improperly extend the state's liability beyond the provisions manifesting legislative intent to limit the waiver of sovereign immunity.

Section 105.711.2 provides in pertinent part:

Moneys in the state legal expense fund shall be available for the payment of any claim or any amount required by any final judgment rendered by a court or competent jurisdiction against:

(2) An officer or employee of the state of Missouri or any agency of the state, including, without limitation, elected officials, appointees, members of state boards or commissions and members of the Missouri national guard upon conduct of such officer or employee arising out of and performed in connection with

his or her official duties on behalf of the state, or any agency of the state, provided that moneys in this fund shall not be available for payment of claims made under chapter 287, RSMo.

§ 105.711.2, RSMo Cum.Supp.1998. "Nothing in sections 105.711 to 105.726 shall be construed to broaden the liability of the state of Missouri beyond the provisions of sections 537.600 to 537.610." § 105.726.

■■■ The existence of the State Legal Expense Fund does not expand the state's liability beyond the sovereign immunity provisions and does not contradict the policy of limited sovereign immunity. *Dixon v. Holden,* 923 S.W.2d 370, 379 (Mo. App. W.D.1996).[3] As in many other states, the General Assembly of the state of Missouri has chosen to defend and pay claims against state employees arising out of the performance of their official duties for the state. *Id.;* § 105.711.2(2). The State Legal Expense Fund is merely a voluntary assumption by the state of defense and payment of judgments or claims against state employees sued for their conduct arising out of and performed in connection with official duties on behalf of the state. *Dixon,* 923 S.W.2d at 379. Mr. Cottey sued both the state and Mr. Schmitter. While the state enjoyed the limitation on liability under the sovereign immunity provisions, Mr. Schmitter did not. Mr. Cottey's suit against Mr. Schmitter, as opposed to his suit against the state, did not involve the issue of sovereign immunity. *Id.* (police officer's action against the State Treasurer and the Commissioner of Ad-

which precludes tort claims arising from discretionary acts or functions of public officials engaged in the performance of their official duties. *State ex rel. Trimble v. Ryan,* 745 S.W.2d 672, 675 (Mo. banc 1988). The issue of official immunity was not raised by the parties in the trial court and therefore is not an issue in this appeal.

**3.** *But see Greene County v. Pennel,* 992 S.W.2d 258, 263 (Mo.App. S.D.1999)(where county had no authority to adopt a policy of unlimited indemnification for its employees partly

because such policy would run counter to the policy of limited sovereign immunity). *Pennel* is distinguishable from the present case because (1) the State Legal Expense Fund at issue here is not applicable to counties and, therefore, was not addressed in *Pennel,* and (2) the county in *Pennel* attempted to adopt a policy of unlimited indemnification while the statutory scheme governing the State Legal Expense Fund is one of insurance for state employees rather than one of indemnity. *Dixon,* 923 S.W.2d at 377–378.

ministration to satisfy from the State Legal Expense Fund a federal judgment against them, rather than the state, did not violate the doctrine of sovereign immunity).

The trial court did not err in entering judgment against Mr. Schmitter in the sum of $250,000 because, although section 537.610.2 limits MHTC's liability to $100,-000, section 537.610.2 does not limit recovery against Mr. Schmitter. The judgment of the trial court is affirmed.

All concur.