**Jamie COLE, by and through her Mother and Next Friend, Carla COLE, and Carla Cole, individually, Respondents,**

v.

**WARREN COUNTY R–III SCHOOL DISTRICT and John Bass, Appellants.**

**No. ED 76180.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 6, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 17, 2000.

Application for Transfer Denied
Aug. 29, 2000.

758

Kathi L. Chestnut, Jill K. Luft, St. Louis, for appellant.

James F. Koester, Kenneth D. Koester, William P. Hogan, St. Louis, for respondent.

ROBERT G. DOWD, Jr., Judge.

Warren County R–III School District (the School District) and John Bass appeal from a judgment entered upon the jury verdict in a personal injury action filed by Jamie Cole, by and through her Mother and Next Friend, Carla Cole, and Carla Cole, individually. The School District and John Bass admitted liability, and in a trial for damages, the jury found Jamie Cole's damages for her personal injuries were $150,000 and Carla Cole's damages for injury to her child were $75,000. The School District and John Bass allege the trial court erred in (1) denying their mo-

tion for mistrial when evidence of the Coles' financial condition was improperly injected, (2) denying their motion for mistrial when statements regarding attorney's fees were made during closing arguments, (3) allowing a verdict that is against the weight of the evidence, and (4) failing to reduce the total judgment to the statutory maximum for John Bass. We affirm.

The Coles brought an action for damages against the School District and John Bass for personal injuries. Liability was not in dispute, only the Coles' damages.[1] The evidence showed that a school bus driven by John Bass left the road and rolled over several times before coming to a stop. Jamie Cole, age 13 at the time of the accident, was in the bus and was thrown to the floor, into the emergency door, then to the roof and the window before she blacked out. Jamie had multiple injuries and received stitches in her lip, legs, head, gums, arms, and elbow. She was missing two teeth, and a bone protruding from her gums had to be clipped and stitched. She later reported low back pain and still has pain and disability with her back.

In order to replace Jamie's teeth with false teeth, it was necessary that her other teeth be straightened. After her teeth are aligned, Jamie will need a bone graft from her hip to replace the bone that was removed after the accident. Then a titanium plate will be inserted to hold the replacement teeth. Finally, pegs will be inserted into the plate and false teeth will be made and then attached. The false teeth will need to be replaced every twelve to twenty years. The whole procedure is expected to take about three years.

At trial, there was evidence on the issue of damages. The jury found in favor of Jamie Cole and assessed her damages for her personal injuries at $150,000. The jury also found for Carla Cole and as-

1. At the close of all the evidence, a Motion for Directed Verdict as to liability by admission of the parties was sustained.

sessed her damages for injury to her child at $75,000. A motion for new trial and a motion to reduce the jury verdict were made. The trial court denied the motion for new trial. The trial court reduced the judgment against the School District to $100,000 pursuant to Section 537.610, RSMo 1994, but denied John Bass's motion to reduce. This appeal follows.

 In their first point, the School District and John Bass argue the trial court erred in denying their motion for mistrial when evidence of the Coles' financial condition was improperly injected at trial. A mistrial is a drastic remedy, and the decision to grant one for misconduct or the introduction of prejudicial evidence is largely within the discretion of the trial court. *Letz v. Turbomeca Engine Corp.*, 975 S.W.2d 155, 169 (Mo.App. W.D.1997). The trial court is better able to determine the prejudicial effect of the improper evidence and to determine whether any resulting prejudice can be ameliorated by less drastic means than declaration of a mistrial. *Id.* at 169–70. We will reverse only when there has been a manifest abuse of discretion. *Id.* at 170. To establish manifest abuse, there must be a grievous error where prejudice cannot otherwise be removed. *Id.*

 Evidence of, or comments upon, plaintiff's poverty is generally condemned. *Firestone v. Crown Center Redevelopment Corp.*, 693 S.W.2d 99, 105 (Mo.1985). Evidence touching upon a party's financial condition may be relevant to the issues, however, in which case they are allowed. *Id.*

Here, the trial court granted a motion in limine to exclude the Coles' financial condition. However, the following exchanges took place during trial:

[Coles' counsel]: Has Jamie had the bone graft surgery yet?

[Carla Cole]: No.

[Coles' counsel]: And why not?

[Carla Cole]: Don't have the money.

The court instructed the jury to disregard the testimony, but denied the motion for mistrial.

[Coles' counsel]: And I'm not sure I covered this yesterday, that's why I'm going to ask: Do you intend to have the surgery, the mouth surgery done for Jamie?

[Carla Cole]: Yes, I do.

[Coles' counsel]: Has it been scheduled?

[Carla Cole]: No, it hasn't.

[Coles' counsel]: And why hasn't it been scheduled?

[Carla Cole]: It has to be paid in advance.

Again there was a motion for mistrial and a motion to strike the statement. Again, the trial court directed the jury to disregard Carla Cole's answer.

 The Coles argue in their brief that the testimony was relevant to show why Jamie had not yet had the surgery. The School District and John Bass point out that there was only a one month-gap between the removal of Jamie's braces and the trial. They also point out that the relevance of the Coles' financial condition was never explained to the trial court. We find that although the Coles' attorney explained, "That (testimony) wasn't the way I meant to elicit it," the elicitation of this information was in direct conflict with the trial court's ruling on the motion in limine, and we admonish trial counsel for eliciting such information. We find, however, that the denial of the mistrial does not rise to the level of manifest abuse of discretion. In each instance, the trial court instructed the jury to disregard the statement. We must presume that the jury follows the instructions given to them by the court. *Stalcup v. Orthotic & Prosthetic Lab, Inc.*, 989 S.W.2d 654, 659 (Mo.App. E.D.1999). Point denied.

 In their second point, the School District and John Bass argue the trial court erred in denying their motion for mistrial when statements regarding attor-

ney's fees were made during closing arguments. During closing arguments, Coles' counsel stated:

> Your responsibility is to give an adequate verdict, to provide one hundred percent compensation—not just fifty percent, a whole and complete verdict, complete and fair justice—not partial justice. We are not asking for your sympathy because she just wants what she is entitled to, and this compensation is exactly that. That's your job—full, fair and complete compensation.
>
> When you go back to the jury room, use your common sense. There's things we can't ask for: we can't ask for attorney's fees because that's——

The trial court sustained the objection to this statement and denied a motion for mistrial. Again, we admonish Coles' counsel for making such statements during closing arguments. We again note, however, that mistrial is an extraordinary remedy, and we find that the failure to grant a mistrial here does not rise to the level of manifest abuse of discretion. Point denied.

■■■■■ In their third point, the School District and John Bass argue the trial court erred in allowing a verdict that is against the weight of the evidence and was the result of the cumulative effect of statements of the Coles' financial condition, statements about attorney's fees, and a reference to gross negligence. There is no precise formula for determining whether a verdict is excessive; each case must be considered on its own facts. *Firestone,* 693 S.W.2d at 108. The ultimate test is what fairly and reasonably compensates plaintiff for the injuries sustained. *Id.*

Jamie was just 13 years old at the time of the accident, and the injuries she sustained will remain with her the rest of her life. She had numerous injuries all over her body. She now has many scars on her body. She is still not through with medical procedures and major surgeries to replace her teeth which will continue for at least the next two years. She will have to have replacement teeth every 12 to 20 years. She is afraid of riding in cars because of this accident. Her damages related to her injuries and pain go beyond the medical bills. We do not find the verdict here for $150,000 for Jamie and $75,000 for her mother is excessive considering what this family has been through as a result of this accident and what Jamie will suffer the rest of her life.

The School District requested no relief less drastic than a mistrial. Again we note that a mistrial is a drastic remedy, and the decision to grant one for misconduct is largely within the discretion of the trial court. *Letz,* 975 S.W.2d at 169.

We find the verdict is not against the weight of the evidence or excessive in light of Jamie's age and the injuries she sustained. We find that the amounts awarded fairly and reasonably compensate the Coles for their injuries. Point denied.

■■■■■ In their fourth point, the School District and John Bass argue the trial court erred in failing to reduce the total judgment to the statutory maximum for John Bass. The applicability of a statute is a question of law, and we will review the trial court's judgment *de novo. Williams v. Kimes,* 996 S.W.2d 43, 44–45 (Mo.1999).

Here, the trial court reduced the total judgment against the School District to $100,000 pursuant to Section 537.610.2, RSMo 1994. Section 537.610.2, RSMo 1994, states:

> The liability of the state and its public entities on claims within the scope of sections 537.600 to 537.650, shall not exceed one million dollars for all claims arising out of a single accident or occurrence and shall not exceed one hundred thousand dollars for any one person in a single accident or occurrence....

Because a motor vehicle was involved, we must also look at Section 537.600, RSMo 1994. Section 537.600, RSMo 1994, states:

> [T]he immunity of the public entity from liability ... is hereby expressly waived in the following instances:
>
> (1) Injuries directly resulting from the negligent acts or omissions by public

employees arising out of the operation of motor vehicles or motorized vehicles within the course of their employment ....

The School District and John Bass now argue that the judgment against John Bass should also be reduced from $225,000 to $100,000 because the intent of the statute, to limit liability, would be thwarted and violate public policy if the cap is not applied to John Bass. We disagree.

■ Sovereign immunity is uniquely applicable to governmental entities and is not transferable to an agent of that entity. *Rustici v. Weidemeyer*, 673 S.W.2d 762, 768 (Mo.1984). This principle was followed in *Yount by Yount v. Board of Educ. For City of St. Louis*, 712 S.W.2d 455 (Mo.App. E.D.1986). In *Yount*, the Board of Education and the school principal were sued when a child was injured because of a dangerous condition on the school property. *Id.* at 456. The *Yount* court found the principal could not utilize sovereign immunity as a defense because that defense is uniquely applicable to the governmental entity; i.e., the School Board, and is not transferable to an agent of that entity. *Id.*

Here, the School District's immunity is waived under Section 537.610.2, RSMo 1994, up to $100,000. By statute, the School District has sovereign immunity for claims over that amount. This immunity is uniquely applicable to the School District and is not transferable to John Bass as an agent of the School District.

■ The School District and John Bass also argue that under the principles of *respondeat superior* the liability of the employer is fixed by the amount of liability of the employee and thus, John Bass should get the same reduction in judgment that the School District has under the statute. We disagree.

■ Once vicarious liability for negligence is admitted under *respondeat superior*, the person to whom negligence is imputed becomes strictly liable to the third party for damages attributable to the conduct of the person from whom negligence is imputed. *McHaffie By and Through McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo.1995). The liability of the employer is fixed by the amount of liability of the employee. *Id.*

In addressing the *respondeat superior* issue in the context of a statutory cap, the Western District recently found different judgment amounts against the Missouri Highway Transportation Commission (MHTC) and its employee for the employee's negligence were not inconsistent. *Cottey v. Schmitter and State Highway and Transportation Comm.*, 24 S.W.3d 126, 129 (Mo.App. W.D., 2000). In *Cottey*, a snowplow driver, while working "in the scope and course of his employment with the Missouri Department of Transportation," injured a motorist's passenger. *Id.* at 128. The trial court entered judgment against the employee in the amount of $250,000 and against the MHTC in the statutory amount of $100,000. *Id.* The Western District in applying Sections 537.610.2 and 537.600, RSMo 1994, found the employee could not take advantage of the MHTC's immunity. *Id.* at 129. The Western District affirmed the trial court's decision not to reduce the judgment against the employee as it had done for the MHTC. *Id.*

Here, the trial court initially found that the School District and John Bass were liable for the same amount. The trial court then reduced the School District's liability to the statutory amount. As discussed above, this statutory immunity is not transferable to the employee. We find, in light of the Western District's recent opinion, these amounts are not inconsistent and do not violate the principles of *respondeat superior*. Point denied.

Judgment affirmed.

CRANE, P.J., and SULLIVAN, J., concur.