Zacqrey WOODS, et al., Respondents,

v.

FRIENDLY FORD, INC. and
Jay Wise, Appellants.

Nos. 28190, 28191.

Missouri Court of Appeals,
Southern District,
Division Two.

March 28, 2008.

---

David J. Roberts, Kansas City, Appellant, Friendly Ford, Inc.

Kevin D. Case, Case & Roberts, P.C., Kansas City, for Appellant, Jay Wise.

Mark V. Bodine, Bennett, Bodine & Waters, P.A., Shawnee, KS, for Respondent.

ROBERT S. BARNEY, Presiding Judge.

Appellants Jay Wise ("Mr. Wise") and Friendly Ford, Inc. ("FFI") appeal the judgment of the Circuit Court of Greene County ("the circuit court") in favor of Respondent Chris Ames ("Mr. Ames") following a jury trial.[1] Mr. Wise brings seven points of circuit court error and FFI alleges one point of circuit court error. We affirm.

The record reveals Mr. Ames was employed by FFI, a car dealership, as a salesman in the truck department. Mr. Wise is part-owner of FFI.[2] On August 28, 2001, Plaintiffs, ten male employees of FFI, filed their Petition in the Circuit Court of St. Louis City, Missouri. In their eight-count petition they alleged the following causes of action: hostile work environment; assault and battery; sexual battery; sexual harassment; verbal harassment; tortious interference with business opportunity; punitive damages; and breach of the covenant of good faith and fair dealing.

In October of 2001, FFI, Ford, and Mr. Wise removed the case to the U.S. District Court for the Eastern District of Missouri ("the district court") maintaining Plaintiffs were asserting issues arising under Title VII of the Civil Rights Act of 1964. After reviewing the matter, the district court ruled on November 7, 2001, that "[P]laintiffs do not allege violations of Title VII .... [but they make] claims for harassment and hostile work environment [which] are cognizable under the Missouri Human Rights Act [ ('MHRA')[3]]...." The district court also opined that "Plaintiffs are masters of their own complaint and they [chose] to bring only state-law claims in state court." The district court then remanded the matter to the Circuit Court of St. Louis City.

On November 30, 2001, FFI, Ford, and Mr. Wise filed a motion to transfer venue of the case from the Circuit Court of St. Louis City to the circuit court, where FFI is located and the claims set out in the petition purportedly occurred. Plaintiffs did not object to the motion and the matter was transferred. Thereafter, FFI, Ford, and Mr. Wise filed their Motion to Dismiss the various claims set out in the Petition pertaining to claims for hostile work environment; sexual harassment; verbal harassment; tortious business interference; and breach of the covenant of good faith and fair dealing as against Ford and Mr. Wise. This motion was granted. Thereafter, Plaintiffs filed their First Amended Petition, essentially reiterating their original petition and adding an additional claim for retaliatory discharge.[4]

---

1. The original Petition in this matter listed the following people as plaintiffs: Zacqrey L. Woods; Gregory L. Hanson; Mr. Ames; Matthew Hayes; Matthew McDonald; Anthony J. Frohock; James Williams; Randy Fleming; Michael Lowry; and Tony Garner (collectively "Plaintiffs"). As explained later in this opinion, the claims of the individual plaintiffs were severed and the trial at issue was held only in relation to Mr. Ames's claims against FFI and Mr. Wise; thus, only Mr. Ames appears in this appeal. Additionally, Ford Motor Company ("Ford") was also named as a defendant in the original petition in this matter, but was later dismissed from the lawsuit when the circuit court granted its motion for summary judgment.

2. Mr. Ames was employed at FFI from February of 1999 to November of 1999 and then again from September of 2000 to August of 2001.

3. The MHRA is codified as sections 213.010 to 213.137. All statutory references are to RSMo 2000.

Mr. Wise and FFI again filed their respective motions to dismiss Plaintiffs' claims for hostile work environment; sexual harassment; verbal harassment; and tortious interference with a business opportunity. This motion was granted together with a summary judgment in favor of Mr. Wise and FFI on Plaintiffs' claims for sexual battery; punitive damages; breach of covenant of good faith and fair dealing; and retaliatory discharge. Additionally, Mr. Wise and FFI were granted a bifurcated trial per section 510.263, as well as severance of the claims of the individual Plaintiffs.

Plaintiffs, including Mr. Ames, then filed a Second Amended Petition on May 4, 2004, in which they alleged assault and battery against Mr. Wise for acts occurring "while in the course and scope of his employment with [FFI]." They again requested punitive damages.

The Second Amended Petition set out that Mr. Wise intentionally struck Plaintiffs "by snapping their ears with combs, snapping their arms with combs, slapping the back of their heads ..." such that he "caused bodily harm to [Plaintiffs] as a result of being struck...."

On December 19, 2005, to December 21, 2005, a trial was held only as to Mr. Ames's claims against Mr. Wise and FFI.[5] The evidence at trial showed that while in a supervisory capacity over certain FFI employees, Mr. Wise often engaged in "horseplay" with employees, including Mr. Ames, and would strike them on the ear with a plastic comb, referred to as "Mr. Snappy," which caused a "sharp stinging pain." Further, the evidence showed Mr. Wise also pretended to strike Mr. Ames and other employees in the genitals, oftentimes actually making contact with the person's body. Mr. Ames testified he had been hit in the ear by Mr. Wise; that Mr. Wise had attempted to hit him in the genitals numerous times; and that Mr. Wise had actually made contact with his genitals on at least one occasion. Mr. Ames stated that when he was hit in the genitals it "sometimes" hurt. Mr. Ames also testified that on one occasion Mr. Wise snuck up behind him and "spit a little bit of water and ice down the back of ..." his shirt. He related that Mr. Wise said something to him that "involved cold and cum and how did [he] like it or something like that." He likewise set out that Mr. Wise's actions made him feel embarrassed, humiliated, and intimidated. He testified that when he would see Mr. Wise approach him he would often try to leave the room or otherwise remove himself from Mr. Wise's presence. He stated he did not tell his girlfriend about being hit in the genitals because he "didn't want her to think any less of [him]" or think "that [he] couldn't handle [him]self." Mr. Wise did not deny at trial that he engaged in such "horseplay," but testified he never intended to hurt or injure anyone.

At the close of the evidence, the jury returned a verdict in favor of Mr. Ames as against Mr. Wise and set actual damages at $65,000.00. The jury taxed "[o]ne-eighth (1/8) of all costs ..." against Mr. Wise. This appeal by Mr. Wise and FFI[6] followed.

---

**4.** Zacqrey Woods and Anthony Frohock voluntarily dismissed their causes of action prior to the filing of the First Amended Petition.

**5.** This was the second such trial held with regard to this matter.

**6.** As explained in Point Seven, FFI brings its appeal from the denial by the circuit court of its Motion to Amend the Judgment in which it requested an order requiring Mr. Ames to pay its costs and attorney's fees pursuant to certain provisions of the MHRA.

In his first point of circuit court error, Mr. Wise maintains the circuit court erred in admitting evidence of "prior bad acts" by Mr. Wise such as the fact that in the past he had lied to his wife, his brothers, and a game warden. Mr. Wise asserts such evidence "was completely irrelevant and unrelated to any of [Mr. Ames's] claims, lacked any probative value as there was no showing that [Mr.] Wise was under oath on those occasions, and resulted in unfair prejudice to [Mr.] Wise."

■ Appellate courts give substantial deference to the decisions of trial courts as to the admissibility or exclusion of evidence, which will not be disturbed absent a showing of an abuse of discretion. *Jerry Bennett Masonry, Inc. v. Crossland Const. Co.*, 171 S.W.3d 81, 88 (Mo.App.2005).

■ Prior to trial, Mr. Wise filed a motion *in limine* to exclude from trial certain portions of his videotaped deposition which purportedly set out certain bad acts he had committed. Specifically, the motion sought to exclude the presentation of certain lines from the videotaped deposition where he was asked "if he had ever lied to various persons, including police, a game warden, his wife, employees of [Ford], his brothers ... and employees of FFI...." At the hearing on the *motion*, Mr. Ames's counsel argued Mr. Wise's "propensity to tell the truth is a relevant issue. Whether he lied to a game warden necessarily doesn't mean it's a bad act.... [T]here's no prejudicial effect to the questioning." The circuit court overruled Mr. Wise's request to exclude that portion of his videotaped deposition and it was subsequently presented to the jury.

■ We note Mr. Wise has failed to provide this Court with a copy of the videotaped deposition at issue, and there is little in the record which reveals the exact nature of the evidence he finds so prejudicial other than the conclusory remarks in his brief. Rule 81.12(a)[7] mandates "[t]he record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented ... to the appellate court for decision," and Rule 81.12(d) obligates the appellant to file the record on appeal with this Court. As a general rule, the failure to substantially comply with Rule 81.12 preserves nothing for our review. *In re Marriage of Weinshenker*, 177 S.W.3d 859, 864 (Mo.App.2005). Here, Mr. Wise's failure to deposit a copy of the videotaped deposition with this Court has prevented meaningful review of his point relied on. Accordingly, Point One is denied.

■ In his second point, Mr. Wise asserts the circuit court erred in excluding relevant evidence of Mr. Ames's "daily marijuana use...." Mr. Wise asserts Mr. Ames "stated that using marijuana adversely affected his memory, causing him to forget things...." Additionally, he posits that this excluded "evidence proved that [Mr.] Ames had misrepresented that he had not engaged in drug abuse on an insurance application." Mr. Wise also maintains the circuit court "inconsistently and unfairly permitted [Mr.] Ames to introduce evidence of [Mr.] Wise's use of prescription medications while he was undergoing cancer treatment."[8]

---

7. All Rule references are to Missouri Court Rules (2007).

8. In this connection, Mr. Wise argues the circuit court treated the parties in this matter "inconsistently with regard to admitting evidence of drug use" in that it permitted the jury to hear evidence relating to Mr. Wise's use of prescription drugs when he was being treated for colon cancer. Accordingly, Mr. Wise maintains "the inconsistent and unfair treatment of [Mr.] Ames and [Mr.] Wise demonstrates prejudice" and requires a new trial.

The record shows that prior to trial, Mr. Ames filed a motion *in limine* to prevent Mr. Wise from introducing evidence of "specific instances" of drug use by Mr. Ames which he testified about in a videotaped deposition. The circuit court granted Mr. Ames's motion, but stated it "may reconsider at trial."

At trial, Mr. Wise attempted to make an offer of proof on the issue of Mr. Ames's drug use and counsel for Mr. Wise asked the circuit court to reconsider its ruling on the motion *in limine* because, as he argued, "the jury has already heard of [Mr. Ames's] criminal conviction for manufacturing marijuana, there can be absolutely no additional prejudice from talking about the obvious fact that he was also a user of marijuana." He asserted the evidence was relevant because it helped explain why Mr. Ames could not remember the specific dates on which he was allegedly assaulted by Mr. Wise or specific conversations between the parties. The circuit court denied Mr. Wise's offer of proof and opined it had not heard any evidence that Mr. Ames "was using drugs the day that all this happened or any of the dates that happened."[9]

As previously related, this Court gives substantial deference to the trial court's decision regarding the admissibility or exclusion of evidence, and the trial court's decision will not be disturbed absent a showing of abuse of discretion. *Jerry Bennett Masonry, Inc.*, 171 S.W.3d at 88. To be admissible, evidence must be both logically and legally relevant. Id.

"Evidence is considered relevant when 'the facts tend to prove or disprove facts at issue or corroborate other relevant evidence.'" *Gates v. Sells Rest Home, Inc.*, 57 S.W.3d 391, 396 (Mo.App.2001) (quoting *Herrera v. DiMayuga*, 904 S.W.2d 490, 492 (Mo.App.1995)). "Determining relevancy is subjective and trial courts are 'accorded considerable discretion' in their admissibility rulings." Id. The trial court is required to weigh the probative value of the evidence against any possible prejudice which might occur due to its admission. *Porter v. Toys 'R' Us–Delaware, Inc.*, 152 S.W.3d 310, 318 (Mo.App.2004).

We agree with the circuit court's ruling on this matter. Mr. Ames's videotaped deposition testimony relating to his recreational use of marijuana is irrelevant to the issue of whether Mr. Wise assaulted him. There is nothing in the record to suggest Mr. Wise's actions against Mr. Ames were related to Mr. Ames's marijuana use or that Mr. Ames was under the influence of marijuana at the time the incidents occurred. In his videotaped deposition testimony, Mr. Ames discussed his general use of marijuana and did not testify that he used marijuana every day while at work at FFI or even that he did so during the time frame at issue.

On a related matter, Mr. Wise also asserts that in Mr. Ames's videotaped deposition testimony he admitted he had reported on an insurance form that he had not engaged in drug activity in five years. Mr. Wise maintains this testimony was relevant to show Mr. Ames had lied and

However, Mr. Wise cites no authority for this proposition. "When 'the appellant neither cites relevant authority nor explains why such authority is not available, the appellate court is justified in considering the points abandoned....'" *Brown v. Ameristar Casino Kansas City, Inc.*, 211 S.W.3d 145, 148 (Mo.App. 2007) (quoting *In re Marriage of Spears*, 995

S.W.2d 500, 503 (Mo.App.1999)). Accordingly, we shall not address that portion of Mr. Wise's point relied on.

9. Prior to the close of evidence, Mr. Wise asked the circuit court to again reconsider its ruling and the circuit court again denied the request.

that this testimony was improperly excluded by the circuit court. The circuit court found this evidence to be irrelevant. Given the circumstances and the subjective nature of this determination, we cannot say the circuit court erred in rejecting this type of testimony. "Unless the trial court's discretion is abused, exclusion of evidence on relevancy grounds is not a basis for reversal. Accordingly, where evidence is excluded, the issue is not whether the evidence was admissible, but whether the trial court abused its discretion by excluding it." *Herrera*, 904 S.W.2d at 493 (internal citation omitted). The excluded evidence relating to Mr. Ames's drug use was simply not relevant to the facts in issue and the circuit court did not abuse its discretion in excluding it. *See Gates*, 57 S.W.3d at 396. Point Two is denied.

In his third point relied on, Mr. Wise maintains the circuit court erred in excluding the testimony of Barry Ryan ("Mr. Ryan") in which he stated "that he was solicited by [Mr. Ames's] attorney to join the other Plaintiffs in the lawsuit to obtain large financial rewards and that [Mr. Ryan] declined as he felt the claims lacked merit as [Mr.] Wise's actions were nothing more than horseplay...." Mr. Wise asserts this excluded evidence was tantamount to fraud and relevant to his defense because "Plaintiffs banded together to fabricate and exaggerate claims ... solely in an attempt to gain money and not because they were offended or harmed by [Mr.] Wises's conduct."

The circuit court disagreed. It found fraud was not an issue in the present case in that it was not pled as a defense by Mr. Wise. The circuit court stated "[t]his ... unwritten defense of greed is what this ... testimony is solicited for. And ... that's not a legal defense. That's something you can argue in closing." The circuit court opined that Mr. Ryan could testify "con-cerning ... being smacked" by Mr. Wise and he could be questioned "if he was asked to join the group [of Plaintiffs].... And that's it."

In our review, we observe that Rule 55.08 sets out that: "In pleading to a preceding pleading, a party shall set forth all applicable affirmative defenses and avoidances, including but not limited to ... fraud, illegality ... and any other matter constituting an avoidance or affirmative defense." "As a matter of procedural law, if an affirmative defense is not pled, it results in a waiver of that defense." *Century Fire Sprinklers, Inc. v. CNA/Transportation Ins. Co.*, 23 S.W.3d 874, 877 (Mo.App.2000). Here, it is clear the testimony of Mr. Ryan was probative only as to the defense theory that Plaintiffs, including Mr. Ames, brought a fraudulent lawsuit against Mr. Wise and FFI in order to recover what Plaintiffs hoped would be large sums of money. Mr. Wise argued Mr. Ryan's testimony was relevant "if it's fraud...." As pointed out by the circuit court, this defense theory was not raised in the pleadings in this matter and was, therefore, waived. Accordingly, it is certainly not relevant to prove or disprove the issues which were actually present in the lawsuit. *See Gates*, 57 S.W.3d at 396. The circuit court did not abuse its discretion in excluding Mr. Ryan's testimony. Point Three is denied.

In his fourth point, Mr. Wise asserts the circuit court erred in denying his motion for mistrial "on the ground that Plaintiffs injected the issue of insurance into the matter in violation of an order *in limine* .... 'He maintains this information was injected purposely and in bad faith under the guise of impeaching a witness with deposition testimony where the deposition testimony was nearly identical to the witness's testimony at trial.'"

■■■■■ "A mistrial is a drastic remedy, and the decision to grant one for misconduct or the introduction of prejudicial evidence is largely within the discretion of the trial court." *Cole v. Warren County R–III School Dist.*, 23 S.W.3d 756, 759 (Mo.App.2000). The trial court is in a better position to assess the prejudicial effect of improper evidence on the jury and to evaluate whether any resulting prejudice can be cured by less drastic means than granting a mistrial. *Id.* This Court will reverse a trial court's denial of a motion for mistrial only when there has been a manifest abuse of discretion. *Id.* To establish manifest abuse of discretion, an error must be of such a grievous nature that prejudice cannot otherwise be removed. *Id.*

Prior to trial, Mr. Wise filed a motion *in limine* in which he sought to exclude "[a]ny reference to insurance coverage beyond that necessary to determine a conflict for purposes of jury selection." This motion was granted by the circuit court.

At trial, Thelma Haley ("Ms. Haley"), who is employed as "controller" at FFI, testified she did not believe she personally told Mr. Wise he could not hit people in the genitals; however, she testified that she "did talk to him that in today's time where everybody wants to sue everybody, we can't touch people. It's just not a thing that we can do." Counsel for Mr. Ames then inquired of Ms. Haley whether Mr. Wise had acknowledged to her that he should not hit people in the genitals. Ms. Haley denied that Mr. Wise had made such an acknowledgement, to-wit:

> Counsel for Mr. Ames: And [Mr. Wise] told you that he knew he shouldn't hit people in the genitals, right?
>
> Ms. Haley: No. He just told me that it was a shame that we couldn't joke

around anymore, that it had come to a day and time when we couldn't do that.

Counsel for Mr. Ames then read a portion of Ms. Haley's prior deposition testimony. It read as follows:

> Page 36, line 17, question was asked 'And what did you tell [Mr. Wise]?' And you answered: 'That *he need not be touching anyone.* I used, you know, I was talking to him about our insurance carriers' discrimination stuff is that—that, you know, in today's time you cannot touch anyone, you can't say anything, you can't do anything, *and that he needs to stop that.*'

(Emphasis added).

Counsel for Mr. Wise objected because Mr. Ames's attorney "interjected into this matter the issue of insurance coverage and insurance carrier. And did so unnecessarily." He then requested a mistrial and the circuit court ruled it would take the matter under advisement until the following morning.

When the matter was addressed the following day, counsel for Mr. Wise again argued bad faith by counsel for Mr. Ames in the introduction of the insurance coverage issue because the issue was specifically excluded by the motion *in limine* and the impeachment was unnecessary in that Ms. Haley's trial testimony and deposition testimony were the same. Counsel for Mr. Ames responded that "the mere mention of insurance is not grounds for a mistrial" and in the present matter "there is no insurance." The circuit court ultimately overruled Mr. Wise's motion for mistrial on the basis that it did not "think it was done in bad faith . . . ." [10]

■■■■■ "Generally, 'it is improper to inject the issue of the existence of liability insurance into an action for damages.' "

---

10. The jury was instructed to disregard the prior question and answer.

*Hudson v. Whiteside,* 34 S.W.3d 420, 425 (Mo.App.2000) (quoting *Annen v. Trump,* 913 S.W.2d 16, 23 (Mo.App.1995)). While the injection of insurance into a case may constitute reversible error if done in bad faith, not every reference to insurance warrants reversal. *Hudson,* 34 S.W.3d at 425. "The party alleging that the references constitute reversible error must demonstrate that it was prejudiced by the references." *Id.*

Here, while there are similarities in testimony, Ms. Haley's prior deposition testimony tended to rebut her trial testimony in that she was more emphatic regarding her previous assertions to Mr. Wise that he "need not be touching anyone" and "that he needs to stop that." Additionally, we note that Mr. Wise fails to demonstrate prejudice and merely relies upon his own conclusory statement that "the size of the jury verdict ... demonstrates that [Mr.] Wise was prejudiced, especially since there was no insurance coverage for the claims being tried.... Thus, the jury was overly generous in their award because they thought there was insurance...."

 It is our view that there is little or nothing in the record to suggest the jury's award had anything to do with this single reference to the possibility of there being insurance coverage. We cannot say the single reference by Mr. Ames's counsel reflects bad faith on its face. Furthermore, while there was reference to insurance coverage made during the course of

Ms. Haley's impeachment, her testimony did not expressly set out that Mr. Wise *had* insurance coverage available in case he assaulted an employee. A trial court is afforded great deference in determining whether the reference to insurance was injected into the trial in good faith. *See Hudson,* 34 S.W.3d at 425. Here, the circuit court did not err in denying Mr. Wise's request for mistrial. Point Four is denied.

 In his fifth point relied on, Mr. Wise maintains the circuit court erred in permitting Mr. Ames "to amend his Second Amended Petition after the close of the evidence to allege battery by offensive contact" where Mr. Wise "had defended the matter solely on the basis [pled] which was that [Mr. Wise] committed battery by causing bodily harm to [Mr. Ames]." [11]

 "Whether a party will be allowed to amend its pleadings is primarily a matter within the sound discretion of the trial court and is reviewed only for an abuse of discretion." *Sheehan v. Northwestern Mut. Life Ins. Co.,* 44 S.W.3d 389, 394 (Mo.App.2000); *see Walton v. City of Berkeley,* 158 S.W.3d 260, 263 (Mo.App. 2005).

 At the close of all the evidence, counsel for Mr. Ames orally requested the trial court permit him to "amend the [Second Amended] [P]etition to conform [with] the evidence." [12] He stated that Mr. Ames

---

11. We also observe that in his argument under this point relied on, Mr. Wise attempts to raise an issue relating to his objection at trial to Jury Instruction 7. This issue is not raised in his point relied on as required by Rule 84.04 and will not be reviewed. " 'Errors raised for the first time in the argument portion of the brief and that are not raised in the point relied on need not be considered by this [C]ourt.' " *Pearman v. Dep't of Social Srvs.,* 48 S.W.3d 54, 55 (Mo.App.2001) (quoting

*Morgan Publ'ns, Inc. v. Squire Publrs., Inc.,* 26 S.W.3d 164, 177 n. 8 (Mo.App.2000)).

12. In the Second Amended Petition, Mr. Ames asserted, among other things, that Mr. Wise "has on numerous occasions threatened physical harm to [him] with the intent to cause ... bodily harm, apprehension of bodily harm, *offensive contact,* and apprehension of physical contact;" that Mr. Wise "caused [him] to be in apprehension of bodily harm and *offensive contact;* " that Mr. Wise "inten-

testified he "found the conduct offensive. That would also be allowed to be a claim under battery, not only physical harm, but offensive touching." Counsel also stated the Second Amended Petition "made a claim for emotional distress, humiliation, and embarrassment. Those are all items of offensive conduct ... therefore we'd ask ... the Court to allow us to amend our petition to conform to the evidence that the conduct was also offensive." Counsel for Mr. Wise objected to the motion. The circuit court, which was also the circuit court for a prior Plaintiff's case against Mr. Wise and FFI, observed that the issue was raised in the other trial; the circuit court also observed that Mr. Wise "h[ad] been on notice of that for ... most of the year now...." Accordingly, the circuit court sustained the motion to amend the Second Amended Petition and the jury was instructed in conformance with the circuit court's ruling.[13]

■■■■ Rule 55.33 sets out in pertinent part:

(a) Amendments. A pleading may be amended once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the pleading may be amended at any time within thirty days after it is served. Otherwise, the pleading may be amended only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires....

(b) Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

"The right to amend a pleading, however, is not absolute." *Dueker v. Gill,* 175 S.W.3d 662, 671 (Mo.App.2005).

'Factors that should be considered in deciding whether to allow leave to amend a petition are: (1) hardship to the moving party if leave is not granted; (2) reasons for failure to include any new matter in earlier pleadings; (3) timeliness of the application; (4) whether an amendment could cure the inadequacy of the moving party's pleading; and (5) injustice resulting to the party opposing the motion, should it be granted.'

*Id.* (quoting *Moore v. Firstar Bank,* 96 S.W.3d 898, 904 (Mo.App.2003)).

■■■ Here, the Second Amended Petition alleged Mr. Wise "threatened physical harm to [Mr. Ames] with the intent to cause ... offensive contact ..." and that Mr. Wise caused Mr. Ames "to be in apprehension of ... offensive contact." The Second Amended Petition also stated Mr. Wise "did in fact cause bodily harm ..." to Mr. Ames and "inappropriately and intentionally grabbed or slapped [his] geni-

---

tionally" struck him and "caused bodily harm to [him] as a result of being struck ...;" that Mr. Wise's "conduct was intentional, willful, wanton and intended to cause physical harm and *mental anguish* to [Mr. Ames];" and that Mr. Ames has "been severely damaged and [has] received bruises, contusions, welts, physical distress, and *emotional distress,* as a

result of [Mr.] Wise's actions." (Emphasis added).

**13.** We are partly hampered in our review of this point by the fact that Mr. Wise has failed to include a copy of the jury instructions in the record on appeal.

tals...." Although the Second Amended Petition does not specifically use the phrase "offensive touching," and instead uses the term "offensive contact," it appears to this Court that Mr. Ames had sufficiently pled the issue of "offensive touching." Further, Mr. Ames testified at trial that he found Mr. Wise's actions to be "offensive" because such actions embarrassed and humiliated him. In that the evidence relating to "offensive touching" was introduced at trial without objection by Mr. Wise, we fail to see how there was any injustice or hardship from the grant of the motion to amend. *Dueker*, 175 S.W.3d at 671. Additionally, " '[w]here evidence is received without objection, no complaint regarding its admission is preserved for appellate review.' " *Leahy v. Leahy*, 858 S.W.2d 221, 226 (Mo. banc 1993) (quoting *In re Marriage of Wardlaw*, 809 S.W.2d 470, 473 (Mo.App.1991)). The circuit court did not abuse its discretion in granting Mr. Ames's motion to amend the pleadings. Point denied.

■■■ In his sixth point relied on, Mr. Wise asserts the circuit court erred in failing to "order remittitur or a new trial because the verdict of $65,000.00 in actual damages was excessive and not supported by the evidence and a result of other trial error."

■■■ This Court affords a trial court broad discretion in reviewing the denial of a motion for remittitur as the trial court is in the best position to weigh the evidence with regard to the motion. *Magnuson by Mabe v. Kelsey–Hayes Co.*, 844 S.W.2d 448, 457–58 (Mo.App.1992). "The assessment of damages is primarily a function for the jury." *Knifong v. Caterpillar, Inc.*,

199 S.W.3d 922, 927 (Mo.App.2006). However, section 537.068 permits a court to enter remittitur if, "after reviewing the evidence in support of the jury's verdict, the court finds that the jury's verdict is excessive because the amount of the verdict exceeds fair and reasonable compensation for plaintiff's injuries and damages." The purpose of section 537.068 is to further equitable compensation and to eliminate the retrial of lawsuits. *Alcorn v. Union Pacific R.R. Co.*, 50 S.W.3d 226, 249 (Mo. banc 2001). "An appellate court should exercise its power to interfere with the judgment of the jury and trial court with hesitation and only when the verdict is manifestly unjust." *Id.* at 249–50. In determining whether a verdict is manifestly unjust, the evidence is reviewed in the light most favorable to the verdict. *Id.* at 250.

■■■ "Excessive verdicts generally arise in two situations: (1) when the jury makes an honest mistake in weighing the evidence as to the nature and extent of the injury and awarding disproportionate damages; and (2) when the jury is biased by trial misconduct to award grossly excessive damages." *McCormack v. Capital Elec. Constr. Co.*, 159 S.W.3d 387, 394–95 (Mo. App.2004). In the first instance, remittitur is appropriate without a new trial,[14] while in the second instance, a new trial is appropriate. Id. at 395.

Here, Mr. Wise does not argue the jury made an "honest mistake in weighing the evidence as to the nature and extent of the injury and awarding disproportionate damages...." Id. at 394–95. Rather, he argues that "misconduct by [Mr.] Ames in violating the order *in [l]imine* by improp-

---

**14.** " '[W]here the jury errs by awarding a verdict which is simply too bounteous under the evidence, injustice may be prevented by ordering a remittitur.' " *Lindquist v. Scott Radiological Group, Inc.*, 168 S.W.3d 635,

647 (Mo.App.2005) (citation omitted). In that circumstance, " '[a] new trial is not required because the jury is not guilty of misconduct, only an honest mistake as to the nature and extent of the injuries.' " *Id.*

erly injecting insurance in the case, w[as] responsible for inciting the passion and prejudice of the jury, resulting in an excessive verdict." [15]

■ In order to be granted a new trial when the jury has been biased by trial misconduct such that it awards grossly excessive damages, "actual trial error must be shown." *Knifong,* 199 S.W.3d at 927. "The party challenging the verdict as being excessive must show that the verdict, viewed in a light most favorable to the plaintiff, 'was glaringly unwarranted and that some trial error or misconduct of the prevailing party was responsible for prejudicing the jury.'" *Id.* (quoting *Barnett v. La Societe Anonyme Turbomeca France,* 963 S.W.2d 639, 657 (Mo.App.1997)). "Hence, the size of the verdict alone will not establish the requisite bias, passion, and prejudice of the jury sufficient to order a new trial for an excessive verdict." *Id.*

As previously set out, to be entitled to a new trial or remittitur Mr. Wise must show "actual trial error...." *Knifong,* 199 S.W.3d at 927. His only assertion of trial error is that Mr. Ames's attorney wrongfully introduced the issue of insurance into this matter when he read from the deposition of Ms. Haley during trial. This issue has been decided against Mr. Wise in Point Four. As this is the only argument offered by Mr. Wise, we necessarily must find that he has failed to show "actual trial error" such that he is entitled to a new trial or remittitur. *See id.* Accordingly, the circuit court did not err in denying Mr. Wise's motion for remittitur or new trial. Point denied.

■ In Mr. Wise's seventh point relied on and FFI's sole point relied on, they each assert the circuit court erred in denying their Motion to Amend Judgment to require Mr. Ames to pay their costs and attorney's fees because they are

entitled to [their] costs and reasonable attorney's fees as ... prevailing party under ... the [MHRA], on the grounds that: [Mr. Ames] (1) filed frivolous claims against [them] under the [MHRA], knowing that such claims were without foundation because [Mr. Ames] had not exhausted administrative remedies as required ...; (2) refiled such MHRA claims after [FFI and Mr. Wise] obtained dismissal of such frivolous claims, requiring [FFI and Mr. Wise] to file another motion to dismiss; and (3) filed the matter in the Circuit Court of the City of St. Louis without a legal or factual basis in an attempt to obtain a favorable venue for a claim against a wealthy white businessman in Springfield with a minority jury; undertaking all such actions in an attempt to coerce a multi-million dollar settlement.

■ Under Rule 75.01 trial courts are granted the inherent power to amend judgments during the thirty-day period after entry of judgment. "The standard of review for denial of a motion to amend judgment is abuse of discretion." *Gill Const., Inc. v. 18th & Vine Authority,* 157 S.W.3d 699, 712 (Mo.App.2004). Trial courts are "vested with considerable discretion in ruling on a motion to amend judgment, and the court of appeals will not reverse a circuit court's decision on a mo-

---

**15.** Mr. Wise argues in his appellate brief that in addition to the "misconduct" relating to the issue of insurance, "the above-discussed trial errors" were also "responsible for inciting the passion and prejudice of the jury...." There are no other "trial errors" discussed under this point relied on and this Court is unsure as to what Mr. Wise is referring. Accordingly, we address this issue only as it relates to the asserted alleged error regarding the insurance issue.

tion to amend judgment unless there is an abuse of discretion." *Id.* at 711–12.

In his Second Amended Petition Mr. Ames alleged "assault and battery" as the sole cause of action. There is no mention in the Second Amended Petition of discriminatory employment practices, sexual harassment in the workplace or hostile work environment which are causes of action which specifically arise under the MHRA. *See* §§ 213.010, 213.055, 213.065, and 213.070. Mr. Ames may have brought MHRA allegations in his prior petitions, but he did not do so in the Second Amended Petition which was the operative pleading in this case. "[I]t is axiomatic one cannot recover for a cause of action not pleaded...." *Memco, Inc. v. Chronister,* 27 S.W.3d 871, 875 (Mo.App. 2000). "It is the facts stated in the petition, along with the relief sought, which under our system of code pleading are to be looked at to determine the cause of action...." *Id.* Accordingly, there was no circuit court error in the denial of their motion to amend judgment to include their attorney fees and costs under the MHRA. Point denied.

The judgment of the circuit court is affirmed.

LYNCH, C.J., and RAHMEYER, J., concur.